IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN NICHOLAS LYNCH, ) <br> ) <br> Appellant, ) <br> v. ) <br> ) <br> KENNETH K. KLEIN, JUDI KLEIN; KRISTIN ) <br> KLEIN DAFFERN; ERIC M. DAFFERN; KLEINCO ) <br> RESIDENTIAL CONSTRUCTION, LLC, an ) <br> Oklahoma Limited Liability Company; ROBERT B. ) <br> SARTIN; STEVE SOULE; PATRICK J. MALLOY, III; ) <br> BOKF, N.A.; SCOTT F. LEHMAN; CFR, INC.; WESTPORT ) <br> INSURANCE CORPORATION; BRUCE A. McKENNA; ) <br> CHRISTOPHER PETTET; AND VALERIE MITCHELL ) <br> ) <br> ) <br> Appellees. ) | Case No. 15-cv-00364-JED-FHM <br><br> Adv. Case No. 14-01059-TRC |

**MOTION OF APPELLEES CFR, INC., WESTPORT INSURANCE CORPORATION, INC., AND BRUCE A. McKENNA FOR DISMISSAL OF APPEAL FOR ABANDONMENT OF CLAIMS AND PARTIES AND <u>REQUEST FOR EXPEDITED CONSIDERATION</u>**

The Appellees, CFR, Inc., Westport Insurance Corporation, and Bruce A. McKenna (collectively "CFR"), request entry of an Order dismissing them from this appeal. In support of this Motion, CFR states:

1. The Appellant's Amended Adversary Complaint was filed on December 24, 2014. <u>N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. # 12</u> ;

2. The Amended Adversary Complaint[1] contained the following theories of recovery:

   a. <u>First Cause of Action</u>:[2]   Challenging the Bankruptcy Court's Order Approving Settlement /Compromise of claims between Kleinco and the Lynches;

   b. <u>Second Cause of Action</u>:   Challenging the Bankruptcy Court's Order of Compromise based on a claimed fraud perpetrated on that court;

   c. <u>Third Cause of Action</u>:   Challenging the Bankruptcy Court Orders granting relief from the automatic stay to Kleinco and BOKF based on a claimed fraud on that court;

---

[1] The Original Adversary Complaint had identified Bankruptcy Judge Terrence L. Michael. Of course, Judge Michael was dismissed from the proceeding.
[2] The Appellant's use of the phrase "cause of action" represents a basic misunderstanding of what comprises a cause of action as opposed to what represents a "theory of recovery."

    d. <u>Fourth Cause of Action</u>:    For relief based on alleged violations of the automatic stay by CFR;

    e. <u>Fifth Cause of Action</u>:    For relief based on alleged violations of the automatic stay by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.;

    f. <u>Sixth Cause of Action</u>:    For relief based on alleged violations of the automatic stay by Appellees Christopher Pettet and Valerie Mitchell;

    g. <u>Seventh Cause of Action</u>:    For relief based on alleged violations of orders of the Bankruptcy Court for selling the Appellant's foreclosed home at sheriff's sale;

    h. <u>Eighth Cause of Action</u>:    For relief against Appellees BOKF and Scott Lehman, Esq., related to the pursuit of the Osage County Foreclosure Case, for perpetrating a fraud on that court, and for violations of the automatic stay;

    i. <u>Ninth Cause of Action</u>:    For relief based on Kleinco's commencement of the Tulsa County Litigation and fraud on that court perpetrated by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.;

    j. <u>Tenth Cause of Action</u>:    For relief from the alleged fraud committed by Appellees BOKF, Lehman, Kleinco, Daffern, Sartin, and Steve Soulé, Esq., by attempting to "claw back" the Appellant's home into the bankruptcy estate;

    k. <u>Eleventh Cause of Action</u>:    For relief based on all Appellees having engaged in a conspiracy, the purpose of which was to engage in a course of conduct to commit fraud and engage in the malicious prosecution and abuse of process of the Appellant;

    l. <u>Twelfth Cause of Action</u>:    For misappropriation of funds by Appellee, Robert Burton, Esq., and violation of a bankruptcy court order directing him to pay the funds to a third party; and

    m. <u>Thirteenth Cause of Action</u>:  For relief due to an alleged conflict of interest by Appellee, Robert Sartin.

*Id.*;

3.    CFR filed a Motion to Dismiss the Amended Adversary Complaint based on its failure to state a claim upon which relief could be granted. *Id.* <u>at Dkt. # 51</u>;

4.    In an Opinion and Order of Dismissal (the "Dismissal Order"), the Bankruptcy Court dismissed all claims against all Appellees. *Id.* <u>at Dkt. # 105</u>;

2

5. The Appellant filed his Brief in Chief in this Court on December 25, 2015. N.D. Okla. case no. 15-cv-00364-JED-FHM, Dkt. # 54;[3]

6. The Appellant's Brief only addressed the first and second causes of action in the Amended Complaint;

7. No relief was demanded from CFR in the first or the second cause of action;

8. The Appellant's Brief does not address the third through the thirteenth causes of action (the "Abandoned Causes of Action");

9. More specifically as to CFR, the Fourth Cause of Action and the Eleventh Cause of Action were the only causes of action in the Appellant's Amended Adversary Complaint that sought any relief from CFR;

10. The Fourth and Eleventh causes of action are not addressed by the Appellant's brief and the Appellant does not request that this Court reverse the Bankruptcy Court's Dismissal Order which dismissed the fourth and eleventh causes of action alleged against CFR;

11. The Appellant's Brief asks only that this Court reverse the dismissal of the first and second causes of action in the Amended Complaint;

12. The Appellant does not request reversal of the dismissal of the Abandoned Causes of Action;

13. Consequently, CFR asserts that Appellant has (a) abandoned the Abandoned Causes of Action against CFR and (b) abandoned and forfeited any rights related to the fourth and eleventh causes of action;

14. As a result of the foregoing, for purposes of this Court's appellate review, the Appellant has abandoned all of his claims and all causes of action against CFR, alleged or attempted to be alleged in the Amended Adversary Complaint;

---

[3] This Court's briefing schedule entered on November 23, 2015, Dkt. # 50, required that the Appellant's Brief in Chief be filed not later than December 23, 2014. The Appellant did not request the agreement of any Appellee to the late filing of the Brief and never filed any motion with this Court to extend the December 23, 2015, deadline.

3

15. Pursuant to the Court's briefing schedule, the Appellees' Briefs are to be filed not later than February 8, 2016. *Id.* at Dkt. # 50;

16. Appellees are contemporaneously filing herein a combined joint motion to stay the date for the filing of their Response Briefs and a request that this Court shorten the Appellant's response time to that Motion so as to identify the issues that are truly before this Court insofar as the Appellee's briefs are concerned;

17. Inasmuch as the deadline for filing the Appellees' Briefs is less than 30 days after the filing of this Motion, expedited consideration hereof will provide sufficient time for this Court to determine whether to dismiss this appeal as to the Abandoned Causes of Action and to allow CFR sufficient time to prepare and file a response brief in the event this Court does not dismiss this appeal as requested herein.

WHEREFORE, the Court is requested to enter its Orders as follows:

(a) Dismiss this appeal, with prejudice, as to the Appellees, CFR, Inc., Westport Insurance Corporation, and Bruce A. McKenna;

(b) Grant expedited consideration to this Motion to Dismiss; and

(c) Grant to CFR, Inc., Westport Insurance Corporation, and Bruce A. McKenna such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*s/ Bruce A. McKenna*
Bruce A. McKenna, OBA #6021
MCKENNA & PRESCOTT, PLLC
5801 E. 41st Street, Suite 501
Tulsa, OK 74135
(918) 935-2085 – Telephone
(918) 935-2086 – Facsimile
*Attorneys for CFR, Inc., Westport Insurance Corporation, and Bruce A. McKenna*

## CERTIFICATE OF SERVICE

On January 12, 2016, I electronically submitted the foregoing document to the Clerk of the Court of the United States District Court for the Northern District of Oklahoma, using the electronic case filing (ECF) system of the Court. I hereby certify that I will serve all parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

                                                *s/ Bruce A. McKenna*
                                                BRUCE A. MCKENNA