IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN NICHOLAS LYNCH, ) <br> ) <br> Appellant, ) <br> v. ) <br> ) <br> KENNETH K. KLEIN, JUDI KLEIN; KRISTIN ) <br> KLEIN DAFFERN; ERIC M. DAFFERN; KLEINCO ) <br> RESIDENTIAL CONSTRUCTION, LLC, an ) <br> Oklahoma Limited Liability Company; ROBERT B. ) <br> SARTIN; STEVE SOULE; PATRICK J. MALLOY, III; ) <br> BOKF, N.A.; SCOTT F. LEHMAN; CFR, INC.; WESTPORT ) <br> INSURANCE CORPORATION; BRUCE A. McKENNA; ) <br> CHRISTOPHER PETTET; AND VALERIE MITCHELL ) <br> ) <br> ) <br> Appellees. ) | Case No. 15-cv-00364-JED-FHM <br><br> Adv. Case No. 14-01059-TRC |

**BRIEF IN SUPPORT OF MOTION TO DISMISS OF APPELLEES CFR, INC., WESTPORT INSURANCE CORPORATION, AND BRUCE A. McKENNA**

_____

APPEAL FROM THE OPINION AND ORDER OF DISMISSAL OF THE BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA, HON. TOM R. CORNISH PRESIDING

_____

Respectfully submitted,

Bruce A. McKenna, OBA #6021
MCKENNA & PRESCOTT, PLLC
5801 E. 41st Street, Suite 501
Tulsa, OK 74135
(918) 935-2085 – Telephone
(918) 935-2086 – Facsimile
  *Attorneys for CFR, Inc., Westport*
  *Insurance Corporation, and Bruce A.*
  *McKenna*

## JURISDICTIONAL STATEMENT

The jurisdiction of this court to entertain this appeal is 28 U.S.C. § 158.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

The Appellant has identified only two (2) propositions of error related to the dismissal of the Appellant's first cause of action and second cause of action, as attempted to be set forth in his Amended Complaint in Bankruptcy Court Adversary Proceeding, N. D. Okla. case no. 14-01059-TRC. Neither cause of action implicated or set forth any allegations of misconduct against CFR, Inc., Westport Insurance Corporation, or Bruce A. McKenna (collectively "CFR"). In the Appellant's Brief, neither of his propositions of error seeks relief against CFR or reversal of their dismissal by the Bankruptcy Court. As such, because the Appellant has not complied with the briefing requirements of applicable rules and precedent related to preservation of issues for appellate review, the issue presented by this Motion to Dismiss is whether the Appellant has abandoned, waived, and/or forfeited appellate review of the Bankruptcy Court's Order of Dismissal, thus requiring the summary dismissal of CFR from the appeal.

## STATEMENT OF THE CASE

 A. <u>The Allegations and Theories of Recovery Asserted Against CFR</u>.

In the fourth cause of action in the Amended Adversary Complaint, CFR was accused of violating the automatic stay in the underlying Lynch bankruptcy proceeding (N.D. Okla. Bankruptcy case no. 11-12457-M), by intervening in (i) Tulsa County Litigation, <u>N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. # 1,  at ¶s 65 and 142</u>, commenced by the Appellee Kleinco Residential Construction, LLC ("Kleinco"), to collect monies owed to it by virtue of embezzlement committed by Gwenna Lynch, and (ii) an Osage County Foreclosure Case commenced by Bank of Oklahoma ("BOKF"), *id.* at ¶s 143, 144, and 154, based on the Lynches' default of the terms of the note and mortgage held by BOKF against their residence. In the eleventh cause of action in the Amended Adversary Complaint, CFR was supposedly engaged in a

vast conspiracy with the other Appellees in connection with various judgments rendered in both the Bankruptcy Court and the Foreclosure Case. *Id.* at ¶s 156 and 158. *See also id.* at ¶s 176–78. As a whole, the Amended Complaint alleged thirteen (13) theories of recovery as follows:

i. <u>First Cause of Action</u>:[1] Challenging the Bankruptcy Court's Order Approving Settlement/ Compromise of claims between Kleinco and the Lynches;

ii. <u>Second Cause of Action</u>: Challenging the Bankruptcy Court's Order of Compromise based on a claimed fraud perpetrated on that court;

iii. <u>Third Cause of Action</u>: Challenging the Bankruptcy Court Orders granting relief from the automatic stay to Kleinco and BOKF based on a claimed fraud on that court;

iv. <u>Fourth Cause of Action</u>: For relief based on alleged violations of the automatic stay by CFR;

v. <u>Fifth Cause of Action</u>: For relief based on alleged violations of the automatic stay by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.;

vi. <u>Sixth Cause of Action</u>: For relief based on alleged violations of the automatic stay by Appellees Christopher Pettet and Valerie Mitchell;

vii. <u>Seventh Cause of Action</u>: For relief based on alleged violations of orders of the Bankruptcy Court for selling the Appellant's foreclosed home at sheriff's sale;

viii. <u>Eighth Cause of Action</u>: For relief against Appellees BOKF and Scott Lehman, Esq., related to the pursuit of the Osage County Foreclosure Case, for perpetrating a fraud on that court, and for violations of the automatic stay;

ix. <u>Ninth Cause of Action</u>: For relief based on Kleinco's commencement of the Tulsa County Litigation and fraud on that court perpetrated by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.;

x. <u>Tenth Cause of Action</u>: For relief from the alleged fraud committed by Appellees BOKF, Lehman, Kleinco, Daffern, Sartin, and Steve Soulé, Esq., by attempting to "claw back" the Appellant's home into the bankruptcy estate;

xi. <u>Eleventh Cause of Action</u>: For relief based on all Appellees having engaged in a conspiracy, the purpose of which was to engage in a course of conduct to commit fraud and engage in the malicious prosecution and abuse of process of the Appellant;

xii. <u>Twelfth Cause of Action</u>: For misappropriation of funds by Appellee, Robert Burton, Esq., and violation of a bankruptcy court order directing him to pay the funds to a third party; and

---

[1] The Appellant's use of the phrase "cause of action" represents a basic misunderstanding of what comprises a cause of action as opposed to what represents a "theory of recovery."

2

      xiii.    <u>Thirteenth Cause of Action</u>:  For relief due to an alleged conflict of interest by Appellee, Robert Sartin.

The only "cause of action" that requested any relief specifically from CFR was the fourth cause of action which alleged that CFR had violated the automatic stay. The eleventh cause of action was also directed, at least in part, at CFR based on a supposed "conspiracy to form Kleinco … and name Kristen [Daffern] and [Gwenna] as owners … all for the purpose of concealing the assets of Kleinco [and other entities] and to allow [Kenneth Klein] to use funds from said companies for his personal use without leaving a paper trail." *Id.* at ¶ 22. According to the Appellant, Kenneth Klein stated that if Gwenna Lynch "fucked with him, he would ruin her life." *Id.* at ¶ 41.[2]

Nevertheless, the claim was made in the Amended Complaint that CFR was a party to the supposed conspiracy. In any event, two things are clear. First, 11 of the 13 causes of action in the Amended Complaint had nothing to do with CFR, made no allegations of wrongdoing by CFR, and demanded no relief from CFR. Second, based on nothing more than mere legal conclusions, CFR supposedly conspired with the other Appellees to assist Kenneth Klein in an alleged (a) financial scam and (b) effort to ruin the life of Appellant's wife, Gwenna, who was not a plaintiff in the Adversary Proceeding and is not a party to this appeal.

    B.    <u>The Bankruptcy Court's Dismissal of the Amended Complaint</u>.

On May 12, 2015, the Bankruptcy Court issued its Opinion and Order of Dismissal (the "Dismissal Order") in which it "dismisse[d] with prejudice [Appellant's] Amended Complaint in its entirety." <u>*Id.* at Dkt. # 105 at p. 1</u>. The Opinion correctly noted that because "CFR had failed to renew [Kleinco's] insurance as

---

[2] That is the only factual description of the "conspiracy" that appears anywhere in the Amended Complaint. Except for some financial and business deals that are totally unrelated to CFR, from paragraph 22 until the end of the Amended Complaint, the conspiracy was only referred to as "said conspiracy." <u>N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. # 1</u>, at ¶s 23, 25, 28, 29, 32, 35, 36, 42, 45, 50, 51, 57, 58, 65, 74, 75, 77, 79, 80, 82, 90, 93, 100, 103, 106, 110, 117, 118, 122, 132, 136, 139, 142, 143, 144, 145, 149, 150, 151, 152, 155, 156, 157, and 158.

3

promised, ... Westport ... stepped in and paid [Kleinco] on its claim" for insurance benefits, under the non-renewed crimes and dishonesty policy, related to Gwenna Lynch's embezzlement from Kleinco. *Id.* at p. 4.

C. <u>The Appellant's Statement of Issues on Appeal</u>.

On June 10, 2015, the Appellant filed his "Statement of Issues on Appeal." *Id.* <u>at Dkt. # 126</u>. With regard to the allegations against CFR in the fourth cause of action, the Appellant was very specific in his recitation of the nature of the Bankruptcy Court's alleged errors in dismissing the Amended Complaint. Although the 18 page "Statement of Issues on Appeal" was more in the nature of an outline of an argument than a statement of issues on appeal, it identified for appellate review the propriety of the dismissal of CFR's alleged violations of the automatic stay which was the foundation for the fourth cause of action. *Id.* at pp. 6–7, ¶ 4.

Suffice it to say at the present time that nowhere in the Appellant's Brief in Chief does he raise the issues of claimed violations of the automatic stay about which he made complaint against CFR in the fourth cause of action. Any issues related to the fourth cause of action are, therefore, deemed abandoned and this Court should dismiss the appeal from the Opinion's dismissal of the fourth cause of action against CFR, Westport and McKenna.

As to the eleventh cause of action involving the alleged conspiracy among the various Appellees, including CFR, the "Statement of Issues on Appeal" identified for appellate review (a) the claimed fraud on the court related to the events leading up to the Bankruptcy Court's November 30, 2012, Order Approving Compromise of the Kleinco claims against the Appellant and Gwenna Lynch, in which CFR was not involved, *id.* at pp. 10–11, ¶ 9, and (b) apparently, for the claimed misconduct of Appellee Burton in relation to the $157,000.00 judgment to which the Appellant and Gwenna Lynch agreed, *id.* at pp. 11–12, ¶ 10, but as to which CFR was also not involved.

Nowhere in the Appellant's Brief in Chief does he raise or address the illusory "said conspiracy" of the eleventh cause of action. Any issues as to the eleventh cause of action are, therefore, deemed abandoned and this Court should dismiss the appeal from the Opinion's dismissal of the eleventh cause of action against CFR, Westport and McKenna.

D.  The Appellant's Opening Brief.

The Appellants' Opening Brief in this appeal, Doc. # 54, does not even address the issues raised in the fourth and eleventh causes of action in the Bankruptcy Court Amended Adversary Complaint and ruled on in the Bankruptcy Court's Dismissal Order. The only issues identified in the Appellant's Opening Brief relate to (i) the second cause of action which alleged a purported fraud on the court but nowhere even attempts to claim that CFR participated in that alleged wrongdoing and (ii) the first cause of action (that related to activities in which CFR was not even alleged to have participated) which challenged the Bankruptcy Court's (a) jurisdiction to enter a money judgment against the Appellant absent his consent, (b) reliance on affirmative defenses that did not appear on the face of the Amended Complaint, and (c) reliance on inferences drawn in favor of the Appellees. By so limiting his presentation to this Court by seeking reversal of two (2) causes of action that did not involve any alleged wrongdoing by CFR, the Appellant has waived, forfeited, and abandoned his "claims" against the CFR parties.

I.  Introductory Statement.

This appeal results from the dismissal by the Bankruptcy Court of an adversary proceeding filed and prosecuted in blatant disregard of well established, and longstanding, procedural and substantive principles and rules. Even a cursory review of the Appellant's Opening Brief readily reveals that the appeal from CFR's dismissal is frivolous, as a matter of fact and law. The Appellant's Brief in Chief contains not a single mention of, or even a passing reference to, CFR, Westport, or the undersigned, all of which/whom were supposedly involved in the vast conspiracy to destroy the life of Gwenna Lynch, who was not even a party to the

underlying Adversary Proceeding. The appeal embodies the inexplicable but clearly sanctionable misconduct of the Appellant and his counsel in continuing to waste the time and resources of CFR and this Court.

        A.    <u>The Fraud Complained of in the Second Cause of Action Does not Involve or Even Mention CFR</u>.

CFR was not, in any way, implicated in the alleged wrongdoing that was the subject of the second cause of action. The supposed misconduct all related to Bankruptcy Court proceedings in which CFR was not involved and related to judgments against the Appellant to which CFR was not a party. Indeed, even a cursory inspection of the Appellant's statement of the first issue identified in his opening brief identifies the fraud as having been committed by others with whom CFR has no relationship and with whom CFR was not involved. <u>Dkt. # 54, p. 2</u>. Moreover, the Appellant's Summary of the Argument does not even remotely implicate CFR. *Id.* at p. 4. Finally, CFR is not even mentioned in the Appellant's argument that a fraud was committed on the Bankruptcy Court. *Id.* at pp. 5 - 16.

        B.    <u>The Jurisdictional Challenge Made in the First Cause of Action Does not Involve or Even Mention CFR</u>.

CFR (again) was not, in any way, implicated in the alleged wrongdoing that was the subject of the first cause of action. The monetary judgment of which the Appellant complains was not rendered in favor of CFR. CFR was not a participant in any bankruptcy court proceedings until it was joined as a party defendant in the adversary proceeding. The dismissal of CFR was not based in any way on any affirmative defenses or inferences; rather, the dismissal was based entirely on the utter failure of the Amended Complaint to allege facts that presented a plausible basis for recovery. The Appellant's statement of the second issue on appeal does not even mention CFR. *Id.* at p. 2. The Appellant's Summary of the Argument is likewise devoid of any reference to CFR. *Id.* at p. 5. Finally, the Appellant's Argument does not even attempt to urge that CFR was somehow involved in the proceedings that led to the entry of the judgment. *Id.* at pp. 16 - 24.

<u>Nowhere</u> in the Appellant's Brief does his counsel mention the undersigned, CFR, or Westport.[3] Under the circumstances, as egregious as was the joinder of CFR as a party to the Adversary Proceeding, the continued litigation of the "issues" against CFR in this appeal is preposterous, unfounded, and frivolous.

### II.   The Appellant has Abandoned all Issues Related to the Dismissal of CFR Which Demands Dismissal of the Appeal.

The Appellant's Brief is patently deficient due to its failure to provide (i) "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record (Rule 28(e)), (ii) "a summary of the argument, which … contain[s] a succinct, clear, and accurate statement of the arguments made in the body of the brief," and (iii) an "argument, which … contain[s] … appellant's contentions and the reasons for them …." FRAP 28(a).

"The purpose of requirements in respect of briefs is to conserve the time and energy of the court and clearly <u>to advise the opposite party of the points he is obliged to meet</u>." *Thys Co. v. Anglo Cal. Nat. Bank*, 219 F.2d 131, 133 (9th Cir.), *cert. denied*, 75 S. Ct. 875 (1955) (emphasis supplied).[4] "Errors relied upon should be <u>asserted in the opening brief</u> …." *Minnesota Mut. Life Ins. Co. v. Wright*, 312 F.2d 655, 660 (8th Cir. 1963).

More than 60 years ago, in *Hargraves v. Bowden*, 217 F.2d 839 (9th Cir. 1954), the Ninth Circuit considered a motion to dismiss an appeal was filed based on the appellant's failures "(1) to file bond on appeal, (2) to file specifications of error, and (3) to designate the points upon which he would rely." *Id.* at 840. In dismissing the appeal, the court stated:

---

[3] A word search of the Appellant's Brief establishes that "CFR," "Westport," and "McKenna" are not contained in the body of the Brief; they are only mentioned in the caption and the Certificate of Service.
[4] The *Thys* Court noted that "where … the brief for an appellant exhibits a gross disregard of the requirements of our rules, a dismissal of his appeal is warranted." *Thys*, 219 F.2d at 133; *see also* ; *Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884 (5th Cir. 2013).

7

> The Court indicated the motion would be granted at the hearing on October 14, 1954, but at the insistence of appellant granted him time to file additional authorities, which he did and also rushed into the Clerk's office with a bond, which was filed.
>
> It is true that matter lies in discretion. … The attorneys should make an attempt to conform to the rules and not try to improvise new practice. <u>At least, the points at issue on appeal should be defined</u>. Based on a flagrant disregard, the motion to dismiss is granted.

*Id.* (internal citations omitted) (emphasis supplied); *see also Harrelson v. Lewis,* 418 F.2d 246, 247 (4th Cir. 1969) ("The appeal is dismissed for failure of the appellant to comply with Rule 28 of the Federal Rules of Appellate Procedure …."); *Vlissidis v. Anadell*, 262 F.2d 398, 399 (7th Cir. 1959) ("We would be justified in dismissing this appeal by reason of the failure of the attorney for plaintiff-appellant to comply with our rules. He did not prepare and file an appendix, either jointly with his brief, or otherwise. Furthermore, his brief did not contain an adequate statement of the facts as required by our Rule ….");[5] *U.S. v. 339.77 Acres of Land, etc.*, 420 F.2d 324, 325 (8th Cir. 1970) ("Although represented by counsel in the jury trial, the landowner now appears, as he did in the first appeal, without counsel. His brief does not conform with Rule 28 of the Federal Rules of Appellate Procedure, and his appeal is subject to dismissal for this reason."); *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("the appellant filed briefs in this court which fail to comply with Fed. R. App. P. 28(a) (1), (2), & (3). This ground alone would justify dismissal of the appeal."); *Thys Co. v. Anglo Cal. Nat'l Bank*, 219 F.2d 131, 133 (9th Cir.) ("Where, as here, the brief for an appellant exhibits a gross disregard of the requirements of our rules, a dismissal of his appeal is warranted."), *cert. denied*, 75 S. Ct. 875 (1955).

In *Rodriguez-Machado v. Shinseki*, 700 F.3d 48 (1st Cir. 2012), the First Circuit dismissed an appeal with prejudice based on the failure of appellant's counsel to comply with the rules. The court stated:

> This case provides an important reminder to lawyers and litigants alike: substantial "noncompliance" with important "appellate rules, in and of itself, constitutes sufficient cause to dismiss [an] appeal." …

---

[5] In *Vlissidis,* the court did not dismiss the appeal because he raised "two important questions" that deserved consideration on the merits. 262 F.2d at 399. In the present matter, <u>the Appellant has raised no questions</u> as to CFR.

8

> … Now, obviously, busy appellate judges depend on counsel to help bring issues into sharp focus, … and that certainly holds true in a case like this, given how complex federal employment discrimination law is …. That is where the appellate rules of procedure come in: They provide the means by which we "gain[ ] the information that [we] require[ ] to set the issues in context and pass upon them." … So, naturally, "[w]hen a party seeking appellate review fails to comply with the rules in one or more substantial respects, its failure thwarts this effort and deprives [us] of the basic tools that [we] need to carry out this task."
>
> Unfortunately, plaintiff's briefs are textbook examples of how *not* to litigate a case on appeal, infracting some important procedural rules. … Essentially, she is asking us to do one of two things: accept what she says as gospel or mine the record ourselves to confirm the truth of her story—and there is no reason for us to do either. Shockingly still, plaintiff's principal brief provides neither the necessary caselaw nor reasoned analysis to support her theories ….
>
> To wrap up: Plaintiff's lackluster way offends some major appellate procedural rules and controlling caselaw.

*Id.* at 48 - 49 (italics in original).

In *Castillo v. Asparion*, 2004 WL 1842583 (5th Cir. 2004), the court dismissed an appeal commenced by a pro se plaintiff in a section 1983 action and stated:

> Castillo's appeal is subject to dismissal for failure to comply with the rules requiring citations to the record and relevant legal authority. *See Moore v. FDIC*, 993 F.2d 106, 107 (5th Cir.1993); FED. R. APP. P. 28(a).
>
> Further, Castillo does not state why the district court's reasons for dismissal are erroneous. He does not address the merits of the district court's opinion. Failure to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. …
>
> Castillo's appeal is without arguable merit and is frivolous. … Because the appeal is frivolous, it is DISMISSED. …

*Id.* at ** 1 (internal citations omitted).

In the present matter, the Appellant's Brief is devoid of any content by which he had even attempted to advise CFR of the issues it is expected to address. In fact, there is really nothing for CFR to address in response. Although issues were contained in the Appellant's "Statement of Issues on Appeal," filed June 10, 2015, <u>N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. # 126</u>, those issues have

9

been completely ignored in the Appellant's Brief which, with respect to the Appellant's Statement of the Case, his Summary of the Argument, and his Argument, utterly fails to comply with the requirements of FRAP 28(a). Failures of that type, as explained by the *Hargraves* Court, justify the dismissal of this Appeal because there is, indeed, nothing for CFR to address as to the "merits" of this appeal.

The Appellant's Brief exhibits a complete disregard for the rules governing the contents of briefs and the manner by which to preserve claimed error for appellate review. The Appellant makes no effort to advise this Court or CFR of the supposed reasons why the Dismissal Order is based on reversible error. There are no specifications of error and no argument to support reversal. There is no citation to any authority that even addresses CFR's supposed liability or the legal infirmity of the Dismissal Order.

The Appellant has completely abandoned any issue as to the propriety of the Opinion's dismissal of CFR. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." [emphasis supplied]). Indeed, in *MacArthur v. San Juan County*, 495 F.3d 1157 (10th Cir. 2007), the Tenth Circuit stated: "We have long recognized our 'inherent authority' to dismiss an appeal presenting 'no arguably meritorious issue for our consideration.' … Here, all three of the Plaintiffs' arguments are frivolous; accordingly, we dismiss their appeal." *Id.* at 1160 – 61 (certain internal citations and footnotes removed) (italics in original) (underscore supplied).

### III. Conclusion.

Based on the foregoing arguments and authorities, the Appellees, CFR, Inc., Westport Insurance Corporation, and Bruce A. McKenna, respectfully request that this Court (a) summarily dismiss them from this appeal and (b) hold in abeyance the issue of potential sanctions for the commencement and pursuit of this appeal against them.

Respectfully submitted,

*s/ Bruce A. McKenna*
Bruce A. McKenna, OBA #6021
MCKENNA & PRESCOTT, PLLC
5801 E. 41st Street, Suite 501
Tulsa, OK 74135
(918) 935-2085 – Telephone
(918) 935-2086 – Facsimile
*Attorneys for CFR, Inc., Westport Insurance Corporation, and Bruce A. McKenna*

## CERTIFICATE OF SERVICE

On _____, 2016, I electronically submitted the foregoing document to the Clerk of the Court of the United States District Court for the Northern District of Oklahoma, using the electronic case filing (ECF) system of the Court.

I hereby certify that I have served all parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure, including service by U.S. Mail, postage prepaid, to:

Robert Burton
320 S. Boston Avenue
Suite 2400
Tulsa, OK  74103

*s/ Bruce A. McKenna*
BRUCE A. MCKENNA