IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN NICHOLAS LYNCH, ) <br> ) <br> Appellant, ) <br> ) <br> v ) <br> ) <br> KENNETH K. KLEIN, JUDI KLEIN, ) <br> KRISTIN KLEIN DAFFERN, ERIC M. ) <br> DAFFERN, KLEINCO RESIDENTIAL ) <br> CONSTRUCTION, LLC, an Oklahoma ) <br> Limited Liability Company, ROBERT B. ) <br> SARTIN, STEVE SOULE, PATRICK J. ) <br> MALLOY, III, C. ROBERT BURTON, IV, ) <br> BOKF, N.A., SCOTT F. LEHMAN, CFR, ) <br> INC., WESTPORT INSURANCE ) <br> CORPORATION, BRUCE A. McKENNA, ) <br> CHRISTOPHER PETTET, VALERIE ) <br> MITCHELL, DISTRICT COURT IN AND ) <br> FOR OSAGE COUNTY, OKLAHOMA, ) <br> DISTRICT COURT FOR TULSA COUNTY, ) <br> OKLAHOMA, ) <br> ) <br> Appellees. ) | Case No. 15-cv-00364-JED-FHM <br><br> Adv. Case No. 14-01059-TRC |

**COMBINED JOINT MOTION FOR STAY**
**AND MOTION TO SHORTEN RESPONSE TIME**

Come now Appellees, Kenneth K. Klein, Judi Klein, Kristin Klein Daffern, Eric M. Daffern, Kleinco Residential Construction, LLC, Robert B. Sartin, Steve Soule, Patrick J. Malloy, III, CFR, Inc., Westport Insurance Corporation, Bruce A. McKenna, Christopher Pettet, and Valerie Mitchell (collectively "Appellees"), and move this Court to enter a stay of Appellees' response date to Appellant's Brief ("Appellant's Brief") filed herein on December 25, 2015.[1] Appellees further move the court to shorten the time for Appellant to respond to the Motion for Stay. In support of their motion, Appellees state as follows:

---
[1] Appellant's brief was due on December 23, 2015, but was not filed until December 25, 2015.

1. This matter was initiated by Appellant requesting reversal by this Court of the Opinion and Order of Dismissal (the "Dismissal Order") entered by the United States Bankruptcy Court for the Eastern District of Oklahoma on May 12, 2015, in an adversary proceeding, case no. 14-01059-TRC (the "Adversary Proceeding"). Pursuant to the Dismissal Order, the Bankruptcy Court dismissed all 13 causes of action set forth in the Amended Complaint (the "Amended Complaint") filed by Appellant in the Adversary Proceeding.

2. Appellant's Brief only addresses two of the thirteen causes of action dismissed in the Dismissal Order. Specifically, Appellant only addresses the First and Second Causes of Action in the Amended Complaint. Appellant does not address the Third through the Thirteenth Causes of Action (the "Abandoned Causes of Action"). In order words, Appellant only requests in Appellant's Brief that this court reverse the dismissal of the First and Second Causes of Action in the Amended Complaint. Appellant does not request reversal of the dismissal of the Abandoned Causes of Action. Consequently, Appellees assert that Appellant has abandoned the Abandoned Causes of Action against all Appellees.

3. In addition, Appellant's Brief only addresses the claims asserted against some, but not all, of the Appellees. Specifically, Appellant only requests that this Court reverse the dismissal of Appellees, Kenneth K. Klein, Kleinco Residential Construction, LLC, Robert B. Sartin and Steve Soule. Appellant does not request the reversal of the dismissal of Appellees, Judi Klein, Kristin Klein Daffern, Eric M. Daffern, Patrick J. Malloy, III, CFR, Inc., Westport Insurance Corporation, Bruce A. McKenna, Christopher Pettet, and Valerie Mitchell (the "Abandoned Appellees"). Consequently, Appellees assert that Appellant has abandoned all of his claims against the Abandoned Appellees.

4. Appellees are filing contemporaneously herewith their motions and supporting briefs seeking dismissal of the appeal, and requesting the Court enter an order finding that Appellant has abandoned the Abandoned Causes of Action and has further abandoned his claims against the Abandoned Appellees (the "Abandonment Motion"). In the event the Court grants the Abandonment Motion, it will significantly reduce the number of issues that are addressed in the response briefs, and it will eliminate for the Abandoned Appellees the need to file a response brief altogether. More importantly, it will significantly reduce the amount of time and resources the Court must devote to resolving the dismissal of the Abandoned Causes of Action and the Abandoned Appellees.

5. Appellees request the Court stay the due date for their response briefs until after the court resolves the Abandonment Motion. Staying the response date until after the Abandonment Motion is resolved will allow Appellees to know what issues, if any, they will be required to address in their response briefs. In the absence of a stay, all of the Appellees will be required to respond to all of the causes of action that were dismissed in the Dismissal Order.

6. Appellees' response briefs are due on February 8, 2016. Appellees request the Court shorten Appellant's response time to this motion to allow sufficient time for the Court to determine whether to stay this matter before Appellees' response briefs are due so as to allow Appellees sufficient time to prepare and file their response briefs in the event the court does not grant a stay.

7. In further support of this Motion, Appellees adopt their respective briefs filed contemporaneously herewith in support of their motions to dismiss this appeal.

8. Counsel for Appellant has been contacted and objects to the relief requested herein.

Respectfully submitted,

*s/ Robert B. Sartin*

Robert B. Sartin, OBA No. 12848
BARROW & GRIMM, P.C.
110 W. Seventh Street, Suite 900
Tulsa, OK  74119-1044
(918) 584-1600
(918) 585-2444 (Fax)

*Attorneys for Appellees, Kenneth K. Klein, Judi Klein, Kristin Klein Daffern, Eric M. Daffern, Kleinco Residential Construction, LLC, Robert B. Sartin and Steve Soule*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2016, I caused a true and correct copy of the above and foregoing instrument to be electronically submitted to the Clerk of the Court of the United States District Court for the Northern District of Oklahoma, using the electronic case filing (ECF) system of the Court.  I hereby certify that I will serve all parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure:

*s/ Robert B. Sartin*