IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN NICHOLAS LYNCH, ) | |
| ) | |
| Appellant, ) | |
| v. ) | |
| ) | |
| KENNETH K. KLEIN, JUDI KLEIN; KRISTIN ) | Case No. 15-cv-00364-JED-FHM |
| KLEIN DAFFERN; ERIC M. DAFFERN; KLEINCO ) | |
| RESIDENTIAL CONSTRUCTION, LLC, an ) | |
| Oklahoma Limited Liability Company; ROBERT B. ) | Adv. Case No. 14-01059-TRC |
| SARTIN; STEVE SOULE; PATRICK J. MALLOY, ) | |
| III; ) | |
| BOKF, N.A.; SCOTT F. LEHMAN; CFR, INC.; ) | |
| WESTPORT INSURANCE CORPORATION; ) | |
| BRUCE A. McKENNA; CHRISTOPHER PETTET; ) | |
| AND VALERIE MITCHELL ) | |
| Appellees. ) | |

**MOTION OF APPELLEES CHRISTOPHER PETTET AND
VALERIE MITCHELL FOR DISMISSAL OF APPEAL FOR
ABANDONNMENT OF CLAIMS AND PARTIES AND
<u>REQUEST FOR EXPEDITED CONSIDERATION</u>**

The Appellees, Christopher Pettet and Valerie Mitchell (collectively the "Innocent Purchasers"), request entry of an Order dismissing them from this appeal. In support of this Motion, the Innocent Purchasers state:

1. The Appellant's Amended Adversary Complaint was filed on December 24, 2014. (N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. #12);

2. The Amended Adversary Complaint[1] contained the following theories of recovery:

      a. <u>First Cause of Action</u>:[2] Challenging the Bankruptcy Court's Order Approving Settlement/Compromise of claims between Kleinco and the Lynches;

---

[1] The Original Adversary Complaint had identified Bankruptcy Judge Terrence L. Michael. Of course, Judge Michael was dismissed from the proceeding.

1

    b. <u>Second Cause of Action</u>: Challenging the Bankruptcy Court's Order of Compromise based on a claimed fraud perpetrated on that court;

    c. <u>Third Cause of Action</u>:  Challenging the Bankruptcy Court Orders granting relief from the automatic stay to Kleinco and BOKF based on a claimed fraud on that court;

    d. <u>Fourth Cause of Action</u>: For relief based on alleged violations of the automatic stay by CFR;

    e. <u>Fifth Cause of Action</u>:  For relief based on alleged violations of the automatic stay by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.;

    f. <u>Sixth Cause of Action</u>:  For relief based on alleged violations of the automatic stay by Appellees Christopher Pettet and Valerie Mitchell;

    g. <u>Seventh Cause of Action</u>: For relief based on alleged violations of orders of the Bankruptcy Court for selling the Appellant's foreclosed home at sheriff's sale;

    h. <u>Eighth Cause of Action</u>: For relief against Appellees BOKF and Scott Lehman, Esq., related to the pursuit of the Osage County Foreclosure Case, for perpetrating a fraud on that court, and for violations of the automatic stay;

    i. <u>Ninth Cause of Action</u>:  For relief based on Kleinco's commencement of the Tulsa County Litigation and fraud on that court perpetrated by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.;

    j. <u>Tenth Cause of Action</u>:  For relief from the alleged fraud committed by Appellees BOKF, Lehman, Kleinco, Daffern, Sartin, and Steve Soulé, Esq., by attempting to "claw back" the Appellant's home into the bankruptcy estate;

    k. <u>Eleventh Cause of Action</u>:   For relief based on all Appellees having engaged in a conspiracy, the purpose of which was to engage in a course of conduct to commit fraud and engage in the malicious prosecution and abuse of process of the Appellant;

    l. <u>Twelfth Cause of Action</u>: For misappropriation of funds by Appellee, Robert Burton, Esq., and violation of a bankruptcy court order directing him to pay the funds to a third party; and

---

[2] The Appellant's use of the phrase "cause of action" represents a basic misunderstanding of what comprises a cause of action as opposed to what represents a "theory of recovery."

      m. <u>Thirteenth Cause of Action</u>:  For relief due to an alleged conflict of interest by Appellee, Robert Sartin.

(*Id.*);

3.    The Innocent Purchasers filed a Motion to Dismiss the Amended Adversary Complaint based on its failure to state a claim upon which relief could be granted. (*Id.* at Dkt. #62);

4.    The Appellant filed a short Response to the Innocent Purchasers' Motion to Dismiss noting the Innocent Purchasers were not a part of the conspiracy alleged in Appellant's Eleventh Cause of Action and arguing relief from the automatic stay was improper. (*Id.* at Dkt. #88);

5.    The Appellant later amended his Response to the Innocent Purchasers' Motion to Dismiss and noted that he did in fact plead the Innocent Purchasers in the conspiracy, but made no arguments regarding the actual dismissal of the conspiracy claim.  Instead he notes that since the Innocent Purchasers admitted they were interested parties in the Tenth Cause of Action (to Quite Title), the Innocent Purchasers should not be dismissed. (*Id.* at Dkt. #98);

6.    In an Opinion and Order of Dismissal (the "Dismissal Order"), the Bankruptcy Court dismissed all claims against all Appellees. (*Id.* at Dkt. #105);

7.    The Appellant filed his Brief in Chief in this Court on December 25, 2015. (N.D. Okla. case no. 15-cv-00364-JED-FHM, Dkt. #54[3]);

8.    The Appellant's Brief only addressed the first and second causes of action in the Amended Complaint;

---

[3] This Court's briefing schedule entered on November 23, 2015 (*id.* at Dkt. # 50) required that the Appellant's Brief in Chief be filed not later than December 23, 2014. The Appellant did not request the agreement of any Appellee to the late filing of the Brief and never filed any motion with this Court to extend the December 23, 2015, deadline or seek leave to file out of time.

9. No relief was demanded from the Innocent Purchasers in the first or the second cause of action;

10. The Appellant's Brief does not address the third through the thirteenth causes of action (the "Abandoned Causes of Action");

11. More specifically as to the Innocent Purchasers, the Tenth Cause of Action and the Eleventh Cause of Action were the only causes of action in the Appellant's Amended Adversary Complaint that sought any relief from the Innocent Purchasers[4];

12. The Tenth and Eleventh causes of action are not addressed by the Appellant's brief and the Appellant does not request that this Court reverse the Bankruptcy Court's Dismissal Order which dismissed the tenth and eleventh causes of action alleged against the Innocent Purchasers;

13. The Appellant's Brief asks only that this Court reverse the dismissal of the first and second causes of action in the Amended Complaint;

14. The Appellant does not request reversal of the dismissal of the Abandoned Causes of Action;

15. Consequently, the Innocent Purchasers assert that Appellant has (a) abandoned the Abandoned Causes of Action against the Innocent Purchasers and (b) abandoned and forfeited any rights related to the tenth and eleventh causes of action;

16. As a result of the foregoing, for purposes of this Court's appellate review, the Appellant has abandoned all of his claims and all causes of action against the Innocent Purchasers, alleged or attempted to be alleged in the Amended Adversary Complaint;

---

[4] Appellant previously dismissed Cause of Action Number Six against the Innocent Purchasers. (N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. #44 and 78).

17. Pursuant to the Court's briefing schedule, the Appellees' Briefs are to be filed not later than February 8, 2016. (N.D. Okla. case no. 15-cv-00364-JED-FHM, Dkt. # 50);

18. Appellees are contemporaneously filing herein a combined joint motion to stay the date for the filing of their Response Briefs and a request that this Court shorten the Appellant's response time to that Motion so as to identify the issues that are truly before this Court insofar as the Appellee's briefs are concerned;

19. Inasmuch as the deadline for filing the Appellees' Briefs is less than 30 days after the filing of this Motion, expedited consideration hereof will provide sufficient time for this Court to determine whether to dismiss this appeal as to the Abandoned Causes of Action and to allow the Innocent Purchasers sufficient time to prepare and file a response brief in the event this Court does not dismiss this appeal as requested herein.

WHEREFORE, the Court is requested to enter its Orders as follows:

(a) Dismiss this appeal, with prejudice, as to the Appellees, Christopher Pettet and Valerie Mitchell;

(b) Grant expedited consideration to this Motion to Dismiss; and

(c) Grant to Christopher Pettet and Valerie Mitchell such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Ryan T. Scharnell*
Ryan T. Scharnell, OBA #30244
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5717 – telephone
(918) 586-8542 – facsimile
RScharnell@cwlaw.com

***ATTORNEYS FOR CHRISTOPHER PETTET AND VALERIE MITCHELL***

**CERTIFICATE OF SERVICE**

On **January 12, 2016**, I electronically submitted the foregoing document to the Clerk of the Court of the United States District Court for the Northern District of Oklahoma, using the electronic case filing (ECF) system of the Court. I hereby certify that I will serve all parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

/*s/ Ryan T. Scharnell*
RYAN T. SCHARNELL