IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN NICHOLAS LYNCH, ) | |
| ) | |
| Appellant, ) | |
| v.  ) | |
| ) | |
| KENNETH K. KLEIN, JUDI KLEIN; KRISTIN ) | Case No. 15-cv-00364-JED-FHM |
| KLEIN DAFFERN; ERIC M. DAFFERN; KLEINCO ) | |
| RESIDENTIAL CONSTRUCTION, LLC, an ) | Adv. Case No. 14-01059-TRC |
| Oklahoma Limited Liability Company; ROBERT B. ) | |
| SARTIN; PATRICK J. MALLOY, III; ) | |
| BOKF, N.A.; SCOTT F. LEHMAN; CFR, INC.; ) | |
| WESTPORT INSURANCE CORPORATION; ) | |
| BRUCE A. McKENNA; CHRISTOPHER PETTET; ) | |
| VALERIE MITCHELL; DISTRICT COURT IN ) | |
| AND FOR OSAGE COUNTY, OKLAHOMA; ) | |
| DISTRICT COURT FOR TULSA COUNTY, ) | |
| OKLAHOMA, ) | |
| Appellees. ) | |

**BRIEF IN SUPPORT OF APPELLEES CHRISTOPHER PETTET'S AND VALERIE MITCHELL'S MOTION FOR DISMISSAL OF APPEAL FOR ABANDONMENT OF CLAIMS AND REQUEST FOR EXPEDITED CONSIDERATION[1]**

APPEAL FROM THE OPINION AND ORDER OF DISMISSAL OF THE BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA, HON. TOM R. CORNISH PRESIDING

Respectfully submitted,

Ryan T. Scharnell, OBA #30244
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5717, fax (918) 586-8542
***ATTORNEYS FOR CHRISTOPHER PETTET AND VALERIE MITCHELL***

---

[1] Although somewhat factually distinct, the legal basis asserted herein is the same legal basis that is being asserted by the remaining Appellees in their respective Motions to Dismiss filed contemporaneously herewith and are all incorporated by reference as if set forth fully herein.

# **TABLE OF CONTENTS**

**Page**

JURISDICTIONAL STATEMENT ..................................................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ...........................................1

STATEMENT OF THE CASE..........................................................................................1

A. The Allegations and Theories of Recovery Asserted Against the Innocent Purchasers. ...........................................................................................................1

B. The Bankruptcy Court's Dismissal of the Amended Complaint. .........................5

C. The Appellant's Statement of Issues on Appeal. ..................................................6

D. The Appellant's Opening Brief.............................................................................7

SUMMARY OF THE ARGUMENT ................................................................................8

ARGUMENT......................................................................................................................9

I. Introductory Statement..........................................................................................9

    A. The Fraud Complained of in the Second Cause of Action Does not Involve or Even Mention the Innocent Purchasers. ................................10

    B. The Jurisdictional Challenge Made in the First Cause of Action Does not Involve or Even Mention the Innocent Purchasers. .........................10

II. The Appellant has Abandoned all Claims Related to the Dismissal of the Innocent Purchasers Which Demands Dismissal of the Appeal ........................11

CONCLUSION.................................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987) ............... 14

*Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ....................................................... 15

*Castillo v. Asparion*, 2004 WL 1842583 (5th Cir. 2004) ............................................................. 13

*Christian Heritage Acad. V. Okla. Second Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) ...................................................................................................................... 15

*Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884 (5th Cir. 2013) ............................................... 12

Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1547 (10th Cir.1995) ........................................... 15

*Hargraves v. Bowden*, 217 F.2d 839 (9th Cir. 1954) ............................................................. 12, 14

*Harrelson v. Lewis,* 418 F,2d 246, 247 (4th Cir. 1969) ................................................................ 12

*Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983) ................................................................ 14

*MacArthur v. San Juan County*, 495 F.3d 1157 (10th Cir. 2007) ................................................ 15

*Maynard v. Colorado Supreme Court Office of Attorney Regulation Counsel*, 499 Fed.Appx. 793, 796 (10th Cir. 2012) ........................................................................................ 15

*Minnesota Mut. Life Ins. Co. v. Wright*, 312 F.2d 655, 660 (8th Cir. 1963) ................................ 11

*Moore v. FDIC,* 993 F.2d 106, 107 (5th Cir.1993) ...................................................................... 14

*Rodriguez-Machado v. Shinseki*, 700 F.3d 48 (1st Cir. 2012) ............................................... 12, 13

*Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ................................. 12

*Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ................................................................... 15

*Thys Co. v. Anglo Cal. Nat. Bank*, 219 F.2d 131, 133 (9th Cir.), *cert. denied*, 75 S. Ct. 875 (1955) ...................................................................................................................... 11, 13

*U.S. v. 339.77 Acres of Land, etc*., 420 F.2d 324, 325 (8th Cir. 1970) ......................................... 12

*United States v. Beckstead*, 500 F.3d 1154, 1164-65 (10th Cir. 2007) ........................................ 15

*Vlissidis v. Anadell*, 262 F.2d 398, 399 (7th Cir. 1959) .............................................................. 12

**Rules**

28 U.S.C. § 158 .............................................................................................................................. 1

Fed. R. App. P. 28(a)(1) ............................................................................................................... 13

Fed. R. App. P. 28(a)(2) ........................................................................................................ 13

Fed. R. App. P. 28(a)(3) ........................................................................................................ 13

FRAP 28(a) ..................................................................................................................... 11, 14

Rule 28 of the Federal Rules of Appellate Procedure ............................................................ 12

Rule 28(e) .............................................................................................................................. 11

## JURISDICTIONAL STATEMENT

The jurisdiction of this court to entertain this appeal is 28 U.S.C. § 158.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

The Appellant has identified only two (2) propositions of error related to the dismissal of the Appellant's first cause of action and second cause of action, as attempted to be set forth in his Amended Complaint in Bankruptcy Court Adversary Proceeding, N. D. Okla. case number 14-01059-TRC. Neither cause of action implicated or set forth any allegations of misconduct against Christopher Pettet or Valerie Mitchell (collectively the "Innocent Purchasers"). In the Appellant's Brief, neither of his propositions of error seeks relief against the Innocent Purchasers or reversal of their dismissal by the Bankruptcy Court. As such, because the Appellant has not complied with the briefing requirements of applicable rules and precedent related to preservation of issues for appellate review, the issue presented by this Motion to Dismiss is whether the Appellant has abandoned, waived, and/or forfeited appellate review of the Bankruptcy Court's Order of Dismissal, thus requiring the summary dismissal of the Innocent Purchasers from this appeal.

## STATEMENT OF THE CASE

A.      The Allegations and Theories of Recovery Asserted Against the Innocent Purchasers.

Although the First Amended Complaint is forty-seven pages long, and contains two hundred eleven (211) individually numbered paragraphs, only three (3) paragraphs make "allegations" against the Innocent Purchasers in regards to any claim—paragraphs 147, 148 and 155. (N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. #12) The only "allegations" against the Innocent Purchasers in the Amended Adversary Complaint are conclusory statements with no factual support. First, Paragraph 147 states, "Plaintiff is informed and believes, and therefore alleges, that Defendant Pettet is a long time acquaintance and friend

of Defendant Daffern and that Pettet purchased the property as a strawman for Defendants Daffern, Klein and KRC." (*Id*. at ¶147) Paragraph 148 alleges that since the Innocent Purchasers took possession of the property, it had been vacant and suffered considerable waste. (*Id*. at ¶148) Finally, Paragraph 155 makes another conclusory statement that:

> …in furtherance of said conspiracy and in violation of the automatic stay, Defendants Pettet and Mitchell filed an action for Forcible Entry and Detainer against the Debtors in Osage County Court, Case No. SC-2013-89, and on April 19, 2013, filed a Petition to Intervene in the foreclosure action, Case No. CJ-2012-37. All of these actions violated the automatic stay.

(*Id*. at ¶155)

These three conclusory statements form the entire basis for the unjustified inclusion of the Innocent Purchasers in various claims in the Amended Adversary Complaint. As a whole, the Amended Complaint alleged thirteen (13) theories of recovery as follows:

i. First Cause of Action:[2]  Challenging the Bankruptcy Court's Order Approving Settlement/Compromise of claims between Kleinco and the Lynches;

ii. Second Cause of Action:  Challenging the Bankruptcy Court's Order of Compromise based on a claimed fraud perpetrated on that court;

iii. Third Cause of Action:  Challenging the Bankruptcy Court Orders granting relief from the automatic stay to Kleinco and BOKF based on a claimed fraud on that court;

iv. Fourth Cause of Action:  For relief based on alleged violations of the automatic stay by CFR;

v. Fifth Cause of Action:  For relief based on alleged violations of the automatic stay by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.;

vi. Sixth Cause of Action:  For relief based on alleged violations of the automatic stay by Appellees Christopher Pettet and Valerie Mitchell;

---

[2] The Appellant's use of the phrase "cause of action" represents a basic misunderstanding of what comprises a cause of action as opposed to what represents a "theory of recovery."

2

    vii.    <u>Seventh Cause of Action</u>:  For relief based on alleged violations of orders of the Bankruptcy Court for selling the Appellant's foreclosed home at sheriff's sale;

    viii.    <u>Eighth Cause of Action</u>:  For relief against Appellees BOKF and Scott Lehman, Esq., related to the pursuit of the Osage County Foreclosure Case, for perpetrating a fraud on that court, and for violations of the automatic stay;

    ix.    <u>Ninth Cause of Action</u>:  For relief based on Kleinco's commencement of the Tulsa County Litigation and fraud on that court perpetrated by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.;

    x.    <u>Tenth Cause of Action</u>:  For relief from the alleged fraud committed by Appellees BOKF, Lehman, Kleinco, Daffern, Sartin, and Steve Soulé, Esq., by attempting to "claw back" the Appellant's home into the bankruptcy estate;

    xi.    <u>Eleventh Cause of Action</u>:  For relief based on all Appellees having engaged in a conspiracy, the purpose of which was to engage in a course of conduct to commit fraud and engage in the malicious prosecution and abuse of process of the Appellant;

    xii.    <u>Twelfth Cause of Action</u>:  For misappropriation of funds by Appellee, Robert Burton, Esq., and violation of a bankruptcy court order directing him to pay the funds to a third party; and

    xiii.    <u>Thirteenth Cause of Action</u>:  For relief due to an alleged conflict of interest by Appellee, Robert Sartin.

Only two "causes of action" specifically request any relief from the Innocent Purchasers: the Sixth and Eleventh Causes of Action.  The Sixth Cause of Action alleged the Innocent Purchasers violated the automatic stay in the underlying Lynch bankruptcy proceeding (N.D. Okla. Bankruptcy case no. 11-12457-M), by intervening in Osage County Case No. CJ-2012-37 (to protect their interest in the property they had just obtained) and prosecuting a forcible entry and detaining action on the property they had just purchased in Osage County Case No. SC-2013-89.  (*Id*.)  However, on January 15, 2015, the Appellant moved to voluntarily dismiss Cause of Action Number Six against the Innocent Purchasers, which was later ordered by the Court.  (*Id*. at Dkt. #44 and 78)

3

The Eleventh Cause of Action was also directed, at least in part, at the Innocent Purchasers apparently based on their actions in the previously dismissed Sixth Cause of Action, and their supposed purchase of the property as a strawman for Eric Daffern, et al. (*Id*. at Dkt. #12 at ¶147)  According to the Appellant, the Innocent Purchasers acted in "furtherance of said conspiracy" by filing a forcible entry and detainer against Mr. Lynch and filing a petition to intervene in the underlying foreclosure suit after they were the highest bidders at the foreclosure sale. (*Id*. at ¶155)  That is the only factual description of the "conspiracy" that appears anywhere in the Amended Complaint. Except for some financial and business deals that are totally unrelated to the Innocent Purchasers, from paragraph 22 until the end of the Amended Complaint, the conspiracy was only referred to as "said conspiracy." (*Id*. at ¶¶ 23, 25, 28, 29, 32, 35, 36, 42, 45, 50, 51, 57, 58, 65, 74, 75, 77, 79, 80, 82, 90, 93, 100, 103, 106, 110, 117, 118, 122, 132, 136, 139, 142, 143, 144, 145, 149, 150, 151, 152, 155, 156, 157, and 158) Nevertheless, the claim was made in the Amended Complaint that the Innocent Purchasers were parties to the supposed conspiracy that allegedly originated roughly six years before the Innocent Purchasers legally purchased the property at a foreclosure sale.

Finally, the Tenth Cause of Action, although it does not implicate the Innocent Purchasers directly, would have affected their property rights by alleging the homestead property was never exempted or abandoned and therefore still a part of the bankruptcy estate. (*Id*. at ¶¶ 199-201[3])  The Tenth Cause of Action was Mr. Lynch's lynchpin and the primary reason he included the Innocent Purchasers—so that complete relief in the form of an order adjudicating rightful ownership of the property could be granted.  The claim was so crucial, Appellant moved

---

[3] The arguments regarding ownership of the property and whether it was properly abandoned have been mooted by the Oklahoma Supreme Court which issued its mandate on November 16, 2015 affirming Judge Gambell's decision confirming the Innocent Purchasers' purchase of the property at the Sherriff's Sale.  See Oklahoma Supreme Court Case No. 112123.

4

for partial summary judgment immediately after filing his Amended Advisory Complaint to "quite title to Plaintiff's homestead property" against, *inter alia*, the Innocent Purchasers, who had not been served with the Amended Complaint at that time. (N. D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. #43) The only allegation in that partial summary judgment motion referencing the Innocent Purchasers was that the house was sold to them at the Sherriff's Sale on February 26, 2012. (*Id*. at ¶32)

Two points are crystal clear. First, ten (10) of the thirteen (13) causes of action in the Amended Complaint had nothing to do with the Innocent Purchasers, made no allegations of wrongdoing by the Innocent Purchasers, and demanded no relief from the Innocent Purchasers. Second, based on nothing more than mere legal conclusions and conclusory statements, the Innocent Purchasers supposedly conspired with the other Appellees to assist others in an alleged (a) financial scam and (b) effort to ruin the life of Appellant's wife, Gwenna, who was not a plaintiff in the Adversary Proceeding and is not a party to this appeal.

B.  The Bankruptcy Court's Dismissal of the Amended Complaint.

On May 12, 2015, the Bankruptcy Court issued its Opinion and Order of Dismissal in which it "dismisse[d] with prejudice [Appellant's] Amended Complaint in its entirety." (*Id*. at Dkt. #105 at p. 1) The Opinion correctly noted that "[t]he property was sold at Sheriff's sale on February 26, 2013, to Defendants Pettet and Mitchell for $346,640." (*Id.* at 9) However, the Opinion is noteworthy for its basic criticisms of the Appellant's positions.

The opinion contains the general statement that the Appellant's "case is based on several false premises." (*Id*. at 13) The Opinion notes that the Appellant misconstrued and misrepresented the cases upon which he relied. (*Id*. at 14) The Opinion was understandably critical of Appellant's counsel for suing Bankruptcy Judge "Michael so that they could appeal to a different judge." (*Id*. at 16) Judge Cornish noted that the Appellant's positions "ignore or

5

reflect a basic misunderstanding of the process of bankruptcy." (*Id*. at 17)  The Opinion adds the following "telling" comment: "[Appellant] clearly identifies his causes of action herein as existing prepetition.  [Appellant] may not act independently of the trustee, and <u>lacks standing to bring these claims now</u>." (*Id*. at 18 (emphasis added))  Further exhibiting its frustration with the Appellant and his counsel, the Bankruptcy Court stated that the Appellant's decision "to wage a collateral attack on [the Order Approving Compromise] using Rule 60 via an adversary proceeding wherein Judge Michael would be named as a defendant … appears to be a colossal waste of judicial resources." (*Id*. at 22, n. 45)

C.        <u>The Appellant's Statement of Issues on Appeal.</u>

On June 10, 2015, the Appellant filed his "Statement of Issues on Appeal."  (*Id*. at Dkt. #126[4])  Although the 18 page "Statement of Issues on Appeal" was more in the nature of an outline of an argument than a statement of issues on appeal, it never identified for appellate review the issue with the dismissal of the Innocent Purchasers—in fact, it never even mentioned them at all.

The Tenth Cause of Action involving the exemption and/or abandonment attempting to quite title to the homestead, makes no allegations against the Innocent Purchasers.  The issue preserved for appeal was whether the proceeding "was manifestly unjust and shocks the conscience." (*Id*. at p. 10, ¶ 8)

As to the Eleventh Cause of Action involving the alleged conspiracy among the various Appellees, including the Innocent Purchasers, the Statement of Issues on Appeal identified for appellate review (a) the claimed fraud on the court related to the events leading up to the Bankruptcy Court's November 30, 2012, Order Approving Compromise of the Kleinco claims

___

[4] Since it was previously dismissed, Cause of Action Number Six was not addressed in the Statement of Issues.

6

against the Appellant and Gwenna Lynch, in which the Innocent Purchasers were not involved, id. at pp. 10–11, ¶ 9, and (b) apparently, for the claimed misconduct of Appellee Burton in relation to the $157,000.00 judgment to which the Appellant and Gwenna Lynch agreed, *id*. at pp. 11–12, ¶ 10, but (again) as to which the innocent purchasers were not involved.

As was the case with the Tenth Cause of Action, nowhere in the Appellant's Brief in Chief does he raise or address the Innocent Purchasers' supposed participation in the illusory "said conspiracy" of the Eleventh Cause of Action. There was no argument linking the Innocent Purchasers to any conspiracy[5].

Any issues related to the dismissal of the Innocent Purchasers are deemed abandoned. As to the Innocent Purchasers, therefore, this Court should either (i) dismiss the appeal and enter judgment for the Innocent Purchasers or (ii) summarily affirm the dismissal of the claims against them.

D.      The Appellant's Opening Brief.

The Appellants' Opening Brief in this appeal, N.D. Okla. case no. 15-cv-00364-JED-FHM, Dkt. #54, does not even address the issues raised in the Tenth and Eleventh Causes of

---

[5] Telling is the fact that the Appellant failed to ever address the Innocent Purchaser's argument on conspiracy in their Motion to Dismiss. In response to the Innocent Purchaser's Motion to Dismiss the Amended Complaint, the Appellant argued the Innocent Purchasers lacked standing to seek dismissal and stated "[t]hese defendants argue the Plaintiff's Eleventh Cause of Action for conspiracy should be dismissed for failure to state a claim against them. These defendants, however, are not named in Plaintiff's Eleventh cause of action." (*Id*. at Dkt. #88 at p. 2) It goes on to say "[t]he Plaintiff's First Amended Complaint seeks no monetary damages against them, and as pointed out, **they are not specifically named in any of the other causes of action**." (*Id*. at p. 3-4 (emphasis added)) On the day the Innocent Purchasers' Motion to Dismiss was to be heard, Appellant then filed an Amended Response and stated "Plaintiff's attorney made a mistake in the original Response [Dk. 88) on page 2 under the caption 'Conspiracy.' The Eleventh Cause of Action does in fact name Defendants Pettet, Mitchell and McKenna, contrary to the statements made in the Response." (*Id*. at Dkt. # 98) Other than that statement, Appellant never addressed the merits of the Innocent Purchasers' argument for dismissal of the Eleventh Cause of Action, presumably because there was no valid claim of conspiracy.

7

Action in the Bankruptcy Court Amended Adversary Complaint and ruled on in the Bankruptcy Court's Opinion and Order. The only issues identified in the Appellant's Opening Brief relate to (i) the Second Cause of Action which alleged a purported fraud on the court but nowhere even attempts to claim that the Innocent Purchasers participated in that alleged wrongdoing and (ii) the First Cause of Action (that related to activities in which the Innocent Purchasers were not even alleged to have participated) which challenged the Bankruptcy Court's (a) jurisdiction to enter a money judgment against the Appellant absent his consent, (b) reliance on affirmative defenses that did not appear on the face of the Amended Complaint, and (c) reliance on inferences drawn in favor of the Appellees.

In fact, the word "conspiracy" is used just one time in the Appellant's brief, and that was in the Statement of the Case:

> In the past week, the Appellant has discovered evidence which demonstrates that Count Eleven for Fraud and Conspiracy to Commit Fraud can be proven clearly and convincingly in that there was a straw-man scheme regarding the purchase of the Appellant's homestead property so that KRC would be enabled to execute on the Judgments issued from the Bankruptcy Compromise.

(*Id*. p.3)  That is the only time the Appellant mentions the apparent 'evidence' and never briefs his arguments for the Court.  This lone reference is not enough for his Eleventh Cause of Action to survive.  This Court has no argument or authority from Appellant as to why his Amended Complaint should not have been dismissed under the 12(b)(6) challenge.  By so limiting his presentation to this Court by seeking reversal of two (2) causes of action that did not involve any alleged wrongdoing by the Innocent Purchasers, the Appellant has waived, forfeited, and abandoned his "claims" against the Innocent Purchasers.

## **SUMMARY OF THE ARGUMENT**

The only two (2) propositions of error and issues raised by the Appellant relate to the First and Second causes of action in the First Amended Complaint and do not include any

8

allegations of conduct by the Innocent Purchasers. The Appellant's failure to identify issues involving the Innocent Purchasers and his failure to provide this Court with any argument or citation to authority to support what the Appellant claimed in the Bankruptcy Court as the basis for the Innocent Purchasers' purported liability constitutes, as a matter of fact and law, an abandonment of any claims that the Appellant attempted to set forth in his Amended Adversary Complaint. Indeed, the Appellant's Brief only includes the names "Pettet" and "Mitchell" in the caption.

Under those circumstances, the Circuits are united that there has been an abandonment, a forfeiture, and/or a waiver of any issues *vis-à-vis* any claimed liability of the Innocent Purchasers. The Appellant's failure to identify and pursue the issues "disentitles" him to appellate review and (a) this appeal should be summarily dismissed or (b) the Opinion and Order of Dismissal should be summarily affirmed

## ARGUMENT

### I.  Introductory Statement.

This appeal results from the dismissal by the Bankruptcy Court of an adversary proceeding filed and prosecuted in blatant disregard of well established, and longstanding, procedural and substantive principles and rules. Even a cursory review of the Appellant's Opening Brief readily reveals that the appeal from the Innocent Purchasers' dismissal is frivolous, as a matter of fact and law. The Appellant's Brief in Chief contains not a single mention of, or even a passing reference to the Innocent Purchasers both of whom were supposedly involved in the vast conspiracy to destroy the life of Gwenna Lynch, who was not even a party to the underlying Adversary Proceeding. The appeal embodies the inexplicable but clearly sanctionable misconduct of the Appellant and his counsel in continuing to waste the time and resources of the Innocent Purchasers and this Court.

> A. **The Fraud Complained of in the Second Cause of Action Does not Involve or Even Mention the Innocent Purchasers.**

The Innocent Purchasers were not, in any way, implicated in the alleged wrongdoing that was the subject of the Second Cause of Action. The supposed misconduct all related to Bankruptcy Court proceedings in which the Innocent Purchasers were not involved and related to judgments against the Appellant to which the Innocent Purchasers were not a party. Indeed, even a cursory inspection of the Appellant's statement of the first issue identified in his opening brief identifies the fraud as having been committed by others with whom the Innocent Purchasers had no relationship and with whom the Innocent Purchasers were not involved. (N.D. Okla. case no. 15-cv-00364-JED-FHM, Dkt. #54 at p. 2) Moreover, the Appellant's Summary of the Argument does not even remotely implicate the Innocent Purchasers. (*Id*. at 4) Finally, the Innocent Purchasers are not even mentioned in the Appellant's argument that a fraud was committed on the Bankruptcy Court. (*Id*. at 5–16)

> B. **The Jurisdictional Challenge Made in the First Cause of Action Does not Involve or Even Mention the Innocent Purchasers.**

The Innocent Purchasers (again) were not, in any way, implicated in the alleged wrongdoing that was the subject of the First Cause of Action. The monetary judgment of which the Appellant complains was not rendered in favor of the Innocent Purchasers. The Innocent Purchasers were alleged to have participated in any bankruptcy court proceedings until they were inexplicitly joined as party defendants in the adversary proceeding through the amended complaint. The dismissal of the Innocent Purchasers was not based in any way on any affirmative defenses or inferences; rather, the dismissal was based on the utter failure of the Amended Complaint to allege facts that presented a plausible basis for recovery (and no substantive response to their Motion to Dismiss). The Appellant's statement of the second issue on appeal does not even mention the Innocent Purchasers. (*Id*. at 2) The Appellant's Summary

of the Argument is likewise devoid of any reference to the Innocent Purchasers. (*Id*. at 5) Finally, the Appellant's Argument does not even attempt to urge that the Innocent Purchasers were somehow involved in the proceedings that led to the entry of the judgment. (*Id*. at 16–24)

***Nowhere*** in the Appellant's Brief does his counsel mention the Innocent Purchasers.[6] Under the circumstances, as egregious as was the joinder of the Innocent Purchasers as parties to the Adversary Proceeding, the continued litigation of the "issues" against the Innocent Purchasers in this appeal is preposterous, unfounded and frivolous.

### II. The Appellant has Abandoned all Claims Related to the Dismissal of the Innocent Purchasers Which Demands Dismissal of the Appeal

The Appellant's Brief is patently deficient due to its failure to provide (i) "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record (Rule 28(e)), (ii) "a summary of the argument, which … contain[s] a succinct, clear, and accurate statement of the arguments made in the body of the brief," and (iii) an "argument, which … contain[s] … appellant's contentions and the reasons for them …." FRAP 28(a).

"The purpose of requirements in respect of briefs is to conserve the time and energy of the court and clearly <u>to advise the opposite party of the points he is obliged to meet</u>." *Thys Co. v. Anglo Cal. Nat. Bank*, 219 F.2d 131, 133 (9th Cir.), *cert. denied*, 75 S.Ct. 875 (1955) (emphasis added).[7] "Errors relied upon should be <u>asserted in the opening brief</u> …." *Minnesota Mut. Life Ins. Co. v. Wright*, 312 F.2d 655, 660 (8th Cir. 1963) (emphasis added).

---

[6] A word search of the Appellant's Brief establishes that "Pettet" and "Mitchell" are not contained in the body of the Brief; they are only mentioned in the caption.

[7] The *Thys* Court noted that "where … the brief for an appellant exhibits a gross disregard of the requirements of our rules, a dismissal of his appeal is warranted." *Thys*, 219 F.2d at 133; *see also*

11

More than 60 years ago, in *Hargraves v. Bowden*, 217 F.2d 839 (9th Cir. 1954), the Ninth Circuit considered a motion to dismiss an appeal based on the appellant's failures "(1) to file bond on appeal, (2) to file specifications of error, and (3) to designate the points upon which he would rely." *Id*. at 840. In dismissing the appeal, the court stated:

> The Court indicated the motion would be granted at the hearing on October 14, 1954, but at the insistence of appellant granted him time to file additional authorities, which he did and also rushed into the Clerk's office with a bond, which was filed.
>
> It is true that matter lies in discretion. … The attorneys should make an attempt to conform to the rules and not try to improvise new practice. <u>At least, the points at issue on appeal should be defined</u>. Based on a flagrant disregard, the motion to dismiss is granted.

*Id*. (internal citations omitted) (emphasis added); *see also Harrelson v. Lewis,* 418 F,2d 246, 247 (4th Cir. 1969) ("The appeal is dismissed for failure of the appellant to comply with Rule 28 of the Federal Rules of Appellate Procedure …."); *Vlissidis v. Anadell*, 262 F.2d 398, 399 (7th Cir. 1959) ("We would be justified in dismissing this appeal by reason of the failure of the attorney for plaintiff-appellant to comply with our rules. He did not prepare and file an appendix, either jointly with his brief, or otherwise. Furthermore, his brief did not contain an adequate statement of the facts as required by our Rule ….");[8] *U.S. v. 339.77 Acres of Land, etc.*, 420 F.2d 324, 325 (8th Cir. 1970) ("Although represented by counsel in the jury trial, the landowner now appears, as he did in the first appeal, without counsel. His brief does not conform with Rule 28 of the Federal Rules of Appellate Procedure, and his appeal is subject to dismissal for this reason."); *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("the appellant filed

---

*Rodriguez-Machado v. Shinseki*, 700 F.3d 48 (1st Cir. 2012); *Davison v. Huntington Ingalls, Inc*., 712 F.3d 884 (5th Cir. 2013).

[8] In *Vlissidis*, the court did not dismiss the appeal because he raised "two important questions" that deserved consideration on the merits. 262 F.2d at 399. In the present matter, the Appellant has raised **no** questions as to the Innocent Purchasers.

briefs in this court which fail to comply with Fed. R. App. P. 28(a)(1), (2), & (3). This ground alone would justify dismissal of the appeal."); *Thys Co. v. Anglo Cal. Nat'l Bank*, 219 F.2d 131, 133 (9th Cir.) ("Where, as here, the brief for an appellant exhibits a gross disregard of the requirements of our rules, a dismissal of his appeal is warranted."), *cert. denied*, 75 S.Ct. 875 (1955).

In *Rodriguez-Machado v. Shinseki*, 700 F.3d 48 (1st Cir. 2012), the First Circuit dismissed an appeal with prejudice based on the failure of appellant's counsel to comply with the rules. The court stated:

> This case provides an important reminder to lawyers and litigants alike: substantial "noncompliance" with important "appellate rules, in and of itself, constitutes sufficient cause to dismiss [an] appeal." …
>
> Now, obviously, busy appellate judges depend on counsel to help bring issues into sharp focus, … and that certainly holds true in a case like this, given how complex federal employment discrimination law is …. That is where the appellate rules of procedure come in: They provide the means by which we "gain[ ] the information that [we] require[ ] to set the issues in context and pass upon them." … So, naturally, "[w]hen a party seeking appellate review fails to comply with the rules in one or more substantial respects, its failure thwarts this effort and deprives [us] of the basic tools that [we] need to carry out this task."
>
> Unfortunately, plaintiff's briefs are textbook examples of how *not* to litigate a case on appeal, infracting some important procedural rules. … Essentially, she is asking us to do one of two things: accept what she says as gospel or mine the record ourselves to confirm the truth of her story—and there is no reason for us to do either. Shockingly still, plaintiff's principal brief provides neither the necessary caselaw nor reasoned analysis to support her theories ….
>
> To wrap up: Plaintiff's lackluster way offends some major appellate procedural rules and controlling caselaw.

*Id*. at 48 – 49.

In *Castillo v. Asparion*, 2004 WL 1842583 (5th Cir. 2004), the court dismissed an appeal commenced by a *pro se* plaintiff in a section 1983 action and stated:

13

> Castillo's appeal is subject to dismissal for failure to comply with the rules requiring citations to the record and relevant legal authority. *See Moore v. FDIC,* 993 F.2d 106, 107 (5th Cir.1993); FED. R. APP. P.28(a).
>
> Further, Castillo does not state why the district court's reasons for dismissal are erroneous. He does not address the merits of the district court's opinion. Failure to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).
>
> Castillo's appeal is without arguable merit and is frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). Because the appeal is frivolous, it is DISMISSED. …

*Id*. at \*\* 1.

In the present matter, the Appellant's Brief is devoid of any content by which he had even attempted to advise the Innocent Purchasers of the issues they are expected to address. In fact, there is really nothing for the Innocent Purchasers to address in response. Although some causes of action were contained in the Appellant's "Statement of Issues on Appeal," filed June 10, 2015, N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. #126, those causes of action have been completely ignored in the Appellant's Brief which, with respect to the Appellant's Statement of the Case, his Summary of the Argument, and his Argument, utterly fails to comply with the requirements of FRAP 28(a). Failures of that type, as explained by the *Hargraves* Court, justify the dismissal of this Appeal.

The Appellant's Brief exhibits a complete disregard for the rules governing the contents of briefs and the manner by which to preserve claimed error for appellate review. The Appellant makes no effort to advise this Court or the Innocent Purchasers of the supposed reasons why the Opinion's dismissal of the Innocent Purchasers is in error. There are no specifications of error and no argument to support reversal. There is no citation to any authority that even addresses the Innocent Purchasers' supposed liability or the legal infirmity of the Opinion.

The Appellant has completely abandoned any issue as to the propriety of the Opinion's dismissal of the Innocent Purchasers. The Tenth Circuit holds steadfast that the failure to adequately brief an issue on appeal results in the issue being waived. *Maynard v. Colorado Supreme Court Office of Attorney Regulation Counsel*, 499 Fed.Appx. 793, 796 (10th Cir. 2012) ("…the question of whether the district court erred in dismissing the complaint in Case # 3 is waived for failure to adequately brief the issue."); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). Indeed, in *MacArthur v. San Juan County*, 495 F.3d 1157 (10th Cir. 2007), the Tenth Circuit stated: "<u>We have long recognized our 'inherent authority' to dismiss an appeal presenting 'no arguably meritorious issue for our consideration.' … Here, all three of the Plaintiffs' arguments are frivolous; accordingly, we dismiss their appeal.</u>" *Id*. at 1161(citation omitted)(emphasis added). Mere mention of an issue in a brief is not sufficient either. *See e.g., United States v. Beckstead*, 500 F.3d 1154, 1164-65 (10th Cir. 2007) (finding an appellant "failed to brief this issue adequately" and thus "he has waived it" where an issue was only referenced in "two section headings, a single sentence in the brief's summary, and two phrases in arguments" while providing no legal support); *Christian Heritage Acad. V. Okla. Second Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) (finding waiver where appellant identified an issue but devoted less than a page to it and provided "no other argument and no citations."); *see also Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (the Tenth Circuit would not consider an issue that was not addressed in the opening brief.) As the Tenth Circuit notes "[i]t is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for appeal." *Gross v. Burggraf Constr. Co.,* 53 F.3d 1531, 1547 (10th Cir.1995).

## CONCLUSION

Based on the foregoing arguments and authorities, the Appellees, Christopher Pettet and Valerie Mitchell, respectfully request that this Court (a) summarily dismiss this appeal as to them or (b) summarily affirm their dismissal by the Bankruptcy Court and (c) hold in abeyance the issue of potential sanctions for the commencement and pursuit of this appeal against them.

Respectfully submitted,

/s/ *Ryan T. Scharnell*_____
Ryan T. Scharnell, OBA #30244
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-5717 – telephone
(918) 586-8542 – facsimile
RScharnell@cwlaw.com

***ATTORNEYS FOR CHRISTOPHER PETTET AND VALERIE MITCHELL***

## CERTIFICATE OF SERVICE

On **January 12, 2016**, I electronically submitted the foregoing document to the Clerk of the Court of the United States District Court for the Northern District of Oklahoma, using the electronic case filing (ECF) system of the Court. I hereby certify that I will serve all parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

/s/ *Ryan T. Scharnell*_____
RYAN T. SCHARNELL