IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN NICHOLAS LYNCH,<br><br>  Appellant,<br><br>v.<br><br>KENNETH K. KLEIN, JUDI KLEIN; KRISTIN KLEIN DAFFERN; ERIC M. DAFFERN; KLEINCO RESIDENTIAL CONSTRUCTION, LLC, an Oklahoma Limited Liability Company; ROBERT B. SARTIN; PATRICK J. MALLOY, III; BOKF, N.A.; SCOTT F. LEHMAN; CFR, INC.; WESTPORT INSURANCE CORPORATION; BRUCE A. McKENNA; CHRISTOPHER PETTET; VALERIE MITCHELL; DISTRICT COURT IN AND FOR OSAGE COUNTY, OKLAHOMA; DISTRICT COURT FOR TULSA COUNTY, OKLAHOMA,<br><br>  Appellees. | Case No. 15-cv-00364-JED-FHM<br><br>Adv. Case No. 14-01059-TRC |

**BRIEF IN SUPPORT OF MOTION TO DISMISS OF APPELLEES, KENNETH K. KLEIN, JUDI KLEIN, KRISTIN KLEIN DAFFERN, ERIC M. DAFFERN, KLEINCO RESIDENTIAL CONSTRUCTION, LLC, ROBERT B. SARTIN AND STEVEN W. SOULE[1]**

**APPEAL FROM THE OPINION AND ORDER OF DISMISSAL OF THE BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA, HON. TOM R. CORNISH PRESIDING**

Respectfully submitted,

Robert B. Sartin, OBA No. 12848
BARROW & GRIMM, P.C.
110 W. Seventh Street, Suite 900
Tulsa, OK  74119-1044
(918) 584-1600
(918) 585-2444 (Fax)
*Attorneys for Appellees, Kenneth K. Klein, Judi Klein, Kristin Klein Daffern, Eric M. Daffern, Kleinco Residential Construction, LLC, Robert B. Sartin and Steven W. Soule*

---

[1] Although somewhat factually distinct, the legal basis asserted herein is the same legal basis that is being asserted by the remaining Appellees in their respective Motions to Dismiss filed contemporaneously herewith.

## JURISDICTIONAL STATEMENT

The jurisdiction of this court to entertain this appeal is 28 U.S.C. § 158.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

In the Appellant Brief filed herein, Appellant has identified only two (2) propositions of error related to the dismissal of Appellant's First Cause of Action and Second Cause of Action, as attempted to be set forth in his Amended Complaint in Bankruptcy Court Adversary Proceeding, N. D. Okla. case number 14-01059-TRC. Appellant's Brief does not address his Third through Thirteenth Causes of Action (the "Abandoned Causes of Action"). In addition, Appellant's Brief does not seek relief against Judi Klein, Kristin Klein Daffern and Eric M. Daffern (the "Abandoned Parties") or reversal of their dismissal by the Bankruptcy Court. As such, because Appellant has not complied with the briefing requirements of applicable rules and precedent related to preservation of issues for appellate review, the issue presented by this Motion to Dismiss is whether Appellant has in whole or in part abandoned, waived, and/or forfeited appellate review of the Bankruptcy Court's Order of Dismissal.

## STATEMENT OF THE CASE

A. <u>The Allegations and Theories of Recovery Asserted in the Amended Complaint</u>.

As a whole, the Amended Complaint alleged thirteen (13) theories of recovery as follows:

i. <u>First Cause of Action</u>:[2] Challenging the Bankruptcy Court's Order Approving Settlement/Compromise of claims between Kleinco and the Lynches;

ii. <u>Second Cause of Action</u>: Challenging the Bankruptcy Court's Order of Compromise based on a claimed fraud perpetrated on that court;

iii. <u>Third Cause of Action</u>: Challenging the Bankruptcy Court Orders granting relief from the automatic stay to Kleinco and BOKF based on a claimed fraud on that court;

---

[2] The Appellant's use of the phrase "cause of action" represents a basic misunderstanding of what comprises a cause of action as opposed to what represents a "theory of recovery."

iv. <u>Fourth Cause of Action</u>: For relief based on alleged violations of the automatic stay by CFR;

v. <u>Fifth Cause of Action</u>: For relief based on alleged violations of the automatic stay by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.'

vi. <u>Sixth Cause of Action</u>: For relief based on alleged violations of the automatic stay by Appellees Christopher Pettet and Valerie Mitchell;

vii. <u>Seventh Cause of Action</u>: For relief based on alleged violations of orders of the Bankruptcy Court for selling the Appellant's foreclosed home at sheriff's sale;

viii. <u>Eighth Cause of Action</u>: For relief against Appellees BOKF and Scott Lehman, Esq., related to the pursuit of the Osage County Foreclosure Case, for perpetrating a fraud on that court, and for violations of the automatic stay;

ix. <u>Ninth Cause of Action</u>: For relief based on Kleinco's commencement of the Tulsa County Litigation and fraud on that court perpetrated by Appellees Kleinco, Robert Sartin, Esq., and Eric Daffern, Esq.;

x. <u>Tenth Cause of Action</u>: For relief from the alleged fraud committed by Appellees BOKF, Lehman, Kleinco, Daffern, Sartin, and Steve Soulé, Esq., by attempting to "claw back" the Appellant's home into the bankruptcy estate;

xi. <u>Eleventh Cause of Action</u>: For relief based on all Appellees having engaged in a conspiracy, the purpose of which was to engage in a course of conduct to commit fraud and engage in the malicious prosecution and abuse of process of the Appellant;

xii. <u>Twelfth Cause of Action</u>: For misappropriation of funds by Appellee, Robert Burton, Esq., and violation of a bankruptcy court order directing him to pay the funds to a third party; and

xiii. <u>Thirteenth Cause of Action</u>: For relief due to an alleged conflict of interest by Appellee, Robert Sartin.

B. <u>The Bankruptcy Court's Dismissal of the Amended Complaint</u>.

On May 12, 2015, the Bankruptcy Court issued its Opinion and Order of Dismissal (the "Opinion") in which it "dismisse[d] with prejudice [Appellant's] Amended Complaint in its entirety." <u>N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Doc. #105 at p. 1</u>.

3

C. The Appellant's Opening Brief.

Appellants' Opening Brief in this appeal, Doc. # 54, does not even address the issues raised in the Third through the Thirteenth Causes of Action in the Amended Adversary Complaint and ruled on in the Bankruptcy Court's Opinion and Order. The only issues identified in Appellant's Opening Brief relate to (i) the Second Cause of Action which alleged a purported fraud on the Court but nowhere even attempts to claim that the Abandoned Parties participated in that alleged wrongdoing and (ii) the First Cause of Action which challenged the Bankruptcy Court's (a) jurisdiction to enter a money judgment against Appellant absent his consent, (b) reliance on affirmative defenses that did not appear on the face of the Amended Complaint, and (c) reliance on inferences drawn in favor of Appellees. By so limiting his presentation to this Court by seeking reversal of two (2) causes of action that did not involve any alleged wrongdoing by the Abandoned Parties, Appellant has waived, forfeited, and abandoned his "claims" against the Abandoned Parties. Additionally, Appellant did not even address his Third through his Thirteenth Causes of Action, and therefore he has waived, forfeited and abandoned those causes of action against all Appellees.

**I.     Introductory Statement.**

This appeal results from the dismissal by the Bankruptcy Court of an adversary proceeding filed and prosecuted in blatant disregard of well established, and longstanding, procedural and substantive principles and rules. Even a cursory review of Appellant's Opening Brief readily reveals that the appeal is frivolous, as a matter of fact and law. Appellant's Brief in Chief contains not a single mention of, or even a passing reference to the Abandoned Parties, all of whom/which were supposedly involved in the vast conspiracy to destroy the life of Gwenna Lynch, who was not even a party to the underlying Adversary Proceeding, nor does it mention the Abandoned

Claims. The appeal embodies the inexplicable but clearly sanctionable misconduct of Appellant and his counsel in continuing to waste the time and resources of Appellees and this Court.

      A.      <u>The Fraud Complained of in the Second Cause of Action Does not Involve or Even Mention the Abandoned Parties</u>.

The Abandoned Parties were not implicated in the alleged wrongdoing that was the subject of the Second Cause of Action. The supposed misconduct all related to Bankruptcy Court proceedings in which the Abandoned Parties were not parties and related to judgments against Appellant to which the Abandoned Parties were not a party[s1]. Indeed, even a cursory inspection of Appellant's statement of the first issue identified in his opening brief identifies the fraud as having allegedly been committed by parties other than the Abandoned Parties. <u>Doc. # 54, p. 2</u>. Moreover, Appellant's Summary of the Argument does not even remotely implicate the Abandoned Parties. *Id*. at 4. Finally, the Abandoned Parties are not even mentioned in Appellant's argument that a fraud was committed on the Bankruptcy Court. *Id*. at 5–16.

      B.      <u>The Jurisdictional Challenge Made in the First Cause of Action Does not Involve or Even Mention the Abandoned Parties</u>.

The Abandoned Parties (again) were not, in any way, implicated in the alleged wrongdoing that was the subject of the First Cause of Action. The monetary judgment of which Appellant complains was not rendered in favor of the Abandoned Parties. The Abandoned Parties were not parties in any bankruptcy court proceedings until they were joined as parties defendant in the adversary proceeding. The dismissal of the Abandoned Parties was not based in any way on any affirmative defenses or inferences; rather, the dismissal was based on the utter failure of the Amended Complaint to allege facts that presented a plausible basis for recovery. Appellant's statement of the second issue on appeal does not even mention the Abandoned Parties. *Id*. at 2. Appellant's Summary of the Argument is likewise devoid of any reference to the Abandoned

Parties. *Id*. at 5. Finally, Appellant's Argument does not even attempt to urge that the Abandoned Parties were somehow involved in the proceedings that led to the entry of the judgment. *Id*. at 16–24.

Nowhere in Appellant's Brief does he mention the Abandoned Parties. Under the circumstances, as egregious as was the joinder of the Abandoned Parties as parties to the Adversary Proceeding, the continued litigation of the "issues" against the Abandoned Parties in this appeal is preposterous, unfounded and frivolous.

### II. Appellant has Abandoned all Issues Related to the Dismissal of the Abandoned Parties Which Demands Dismissal of the Appeal.

Appellant's Brief is patently deficient due to its failure to provide (i) "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record (Rule 28(e)), (ii) "a summary of the argument, which … contain[s] a succinct, clear, and accurate statement of the arguments made in the body of the brief," and (iii) an "argument, which … contain[s] … appellant's contentions and the reasons for them …." FRAP 28 (a).

"The purpose of requirements in respect of briefs is to conserve the time and energy of the court and clearly to advise the opposite party of the points he is obliged to meet." *Thys Co. v. Anglo Cal. Nat. Bank*, 219 F.2d 131, 133 (9th Cir.), *cert. denied*, 75 S. Ct. 875 (1955) (emphasis supplied).[3] "Errors relied upon should be asserted in the opening brief …." *Minnesota Mut. Life Ins. Co. v. Wright*, 312 F.2d 655, 660 (8th Cir. 1963).

---

[3] The *Thys* Court noted that "where … the brief for an appellant exhibits a gross disregard of the requirements of our rules, a dismissal of his appeal is warranted." *Thys*, 219 F.2d at 133; *see also*; *Davison v. Huntington Ingalls, Inc*., 712 F.3d 884 (5th Cir. 2013).

More than 60 years ago, in *Hargraves v. Bowden*, 217 F.2d 839 (9th Cir. 1954), the Ninth Circuit considered a motion to dismiss an appeal was filed based on the appellant's failures "(1) to file bond on appeal, (2) to file specifications of error, and (3) to designate the points upon which he would rely." *Id*. at 840. In dismissing the appeal, the court stated:

> The Court indicated the motion would be granted at the hearing on October 14, 1954, but at the insistence of appellant granted him time to file additional authorities, which he did and also rushed into the Clerk's office with a bond, which was filed.
>
> It is true that matter lies in discretion. … The attorneys should make an attempt to conform to the rules and not try to improvise new practice. <u>At least, the points at issue on appeal should be defined</u>. Based on a flagrant disregard, the motion to dismiss is granted.

*Id.* (internal citations omitted) (emphasis supplied); *see also Harrelson v. Lewis,* 418 F,2d 246, 247 (4th Cir. 1969) ("The appeal is dismissed for failure of the appellant to comply with Rule 28 of the Federal Rules of Appellate Procedure …."); *Vlissidis v. Anadell*, 262 F.2d 398, 399 (7th Cir. 1959) ("We would be justified in dismissing this appeal by reason of the failure of the attorney for plaintiff-appellant to comply with our rules. He did not prepare and file an appendix, either jointly with his brief, or otherwise. Furthermore, his brief did not contain an adequate statement of the facts as required by our Rule ….");[4] *U.S. v. 339.77 Acres of Land, etc.*, 420 F.2d 324, 325 (8th Cir. 1970) ("Although represented by counsel in the jury trial, the landowner now appears, as he did in the first appeal, without counsel. His brief does not conform with Rule 28 of the Federal Rules of Appellate Procedure, and his appeal is subject to dismissal for this reason."); *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("the appellant filed briefs in this court which fail to comply with Fed. R. App. P. 28(a)(1), (2), & (3). This ground alone would justify dismissal of the appeal."); *Thys Co. v. Anglo Cal. Nat'l Bank*, 219 F.2d 131, 133 (9th Cir.) ("Where, as here,

---

[4] In *Vlissidis*, the court did not dismiss the appeal because he raised "two important questions" that deserved consideration on the merits. 262 F.2d at 399. In the present matter, <u>the Appellant has raised no questions</u> as to CFR.

the brief for an appellant exhibits a gross disregard of the requirements of our rules, a dismissal of his appeal is warranted."), *cert. denied*, 75 S. Ct. 875 (1955).

In *Rodriguez-Machado v. Shinseki*, 700 F.3d 48 (1st Cir. 2012), the First Circuit dismissed an appeal with prejudice based on the failure of appellant's counsel to comply with the rules. The court stated:

> This case provides an important reminder to lawyers and litigants alike: substantial "noncompliance" with important "appellate rules, in and of itself, constitutes sufficient cause to dismiss [an] appeal." …
> Now, obviously, busy appellate judges depend on counsel to help bring issues into sharp focus, … and that certainly holds true in a case like this, given how complex federal employment discrimination law is …. That is where the appellate rules of procedure come in: They provide the means by which we "gain[ ] the information that [we] require[ ] to set the issues in context and pass upon them." … So, naturally, "[w]hen a party seeking appellate review fails to comply with the rules in one or more substantial respects, its failure thwarts this effort and deprives [us] of the basic tools that [we] need to carry out this task."
>
> Unfortunately, plaintiff's briefs are textbook examples of how *not* to litigate a case on appeal, infracting some important procedural rules. … Essentially, she is asking us to do one of two things: accept what she says as gospel or mine the record ourselves to confirm the truth of her story—and there is no reason for us to do either. Shockingly still, plaintiff's principal brief provides neither the necessary caselaw nor reasoned analysis to support her theories ….
>
> To wrap up: Plaintiff's lackluster way offends some major appellate procedural rules and controlling caselaw.

*Id*. at 48 – 49.

In *Castillo v. Asparion*, 2004 WL 1842583 (5th Cir. 2004), the court dismissed an appeal commenced by a pro se plaintiff in a section 1983 action and stated:

> Castillo's appeal is subject to dismissal for failure to comply with the rules requiring citations to the record and relevant legal authority. *See Moore v. FDIC,* 993 F.2d 106, 107 (5th Cir.1993); FED. R. APP. P.28(a).
>
> Further, Castillo does not state why the district court's reasons for dismissal are erroneous. He does not address the merits of the district court's opinion. Failure to identify any error in the district court's analysis or application to the facts of the

8

> case is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).
>
> Castillo's appeal is without arguable merit and is frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). Because the appeal is frivolous, it is DISMISSED. …

*Id.* at ** 1.

In the present matter, Appellant's Brief is devoid of any content by which he even attempted to advise the Abandoned Parties of the issues they are expected to address. In fact, there is really nothing for the Abandoned Parties to address in response. Although issues were contained in Appellant's "Statement of Issues on Appeal," filed June 10, 2015, N.D. Okla. Bankruptcy Adversary Proceeding case no. 14-01059-TRC, Dkt. # 126, those issues have been completely ignored in Appellant's Brief which, with respect to Appellant's Statement of the Case, his Summary of the Argument, and his Argument, utterly fails to comply with the requirements of FRAP 28 (a). Failures of that type, as explained by the *Hargraves* Court, justify the dismissal of this Appeal. In addition, Appellant's Brief does not even address the Abandoned Causes of Action. There is no way Appellees can address the appeal of the Abandoned Causes of Action when Appellant didn't even address them. There is no argument for Appellees to respond to from the Appellant.

Appellant's Brief exhibits a complete disregard for the rules governing the contents of briefs and the manner by which to preserve claimed error for appellate review. Appellant makes no effort to advise this Court or the Abandoned Parties of the supposed reasons why the Opinion's dismissal of the Amended Complaint is in error. There are no specifications of error and no argument to support reversal. There is no citation to any authority that even addresses either the Abandoned Parties' supposed liability, the Abandoned Causes of Action, or the alleged legal infirmity of the Opinion.

Appellant has completely abandoned any issue as to the propriety of the Opinion's dismissal of the Abandoned Parties and the Abandoned Causes of Action. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("<u>we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief</u>."[emphasis supplied]). Indeed, in *MacArthur v. San Juan County*, 495 F.3d 1157 (10th Cir. 2007), the Tenth Circuit stated: "<u>We have long recognized our 'inherent authority' to dismiss an appeal presenting 'no arguably meritorious issue for our consideration.' … Here, all three of the Plaintiffs' arguments are frivolous; accordingly, we dismiss their appeal</u>." *Id*. at 1160 – 61 (certain internal citations and footnotes removed) (italics in original) (underscore supplied).

### III.  **Conclusion.**

Based on the foregoing arguments and authorities, the Appellees, Judi Klein, Kristin Klein Daffern and Eric M. Daffern, respectfully request that this Court (a) summarily dismiss this appeal as to them, or (b) summarily affirm their dismissal by the Bankruptcy Court, and (c) hold in abeyance the issue of potential sanctions for the commencement and pursuit of this appeal against them.  Appellees, Kenneth K. Klein, Kleinco Residential Construction, LLC, Robert B. Sartin and Steven W. Soule, respectfully request that this Court (a) summarily dismiss this appeal as to the Third through the Thirteenth Causes of Action of the Amended Complaint, or (b) summarily affirm the dismissal by the Bankruptcy Court of the Third through the Thirteenth Causes of Action of the Amended Complain, and (c) hold in abeyance the issue of potential sanctions for the commencement and pursuit of this appeal against them.

Respectfully submitted,

*s/ Robert B. Sartin*
Robert B. Sartin, OBA No. 12848
BARROW & GRIMM, P.C.
110 W. Seventh Street, Suite 900
Tulsa, OK  74119-1044
(918) 584-1600
(918) 585-2444 (Fax)

*Attorneys for Appellees, Kenneth K. Klein, Judi Klein, Kristin Klein Daffern, Eric M. Daffern, Kleinco Residential Construction, LLC, Robert B. Sartin and Steven W. Soule*

## CERTIFICATE OF SERVICE

On January 12, 2016, I electronically submitted the foregoing document to the Clerk of the Court of the United States District Court for the Northern District of Oklahoma, using the electronic case filing (ECF) system of the Court.  I hereby certify that I will serve all parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

*s/ ROBERT B. SARTIN*
ROBERT B. SARTIN