**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

STEPHEN NICOLAS LYNCH,

                Appellant,

vs.

KENNETH K. KLEIN, et al.,

                Appellees.

**Case No.15-CV-364-JED-FHM**

Adv. Case No. 14-AP-1059

## OPINION AND ORDER

The Joint Motion of the Appellees for Sanctions Based Upon Unfounded and Bad Faith Threat of Criminal Prosecution, [Dkt. 51], is before the undersigned United States Magistrate Judge for decision. Despite the expiration for the time to respond, no response brief has been filed.

The Appellees seek sanctions against Appellant's attorney, Martha Hyde, for statements she made during a meeting held on December 8, 2015. According to the Affidavits filed by Attorneys Steven W. Soule, Robert B. Sartin, and Eric Daffern who are all counsel in this case for various appellees, Ms Hyde expressed her belief that counsel had influence over the bankruptcy judge presiding over the case; that the local bankruptcy judges, magistrate judges and district judges are biased in favor of the defendant attorneys; and that criminal acts had been committed by the trustee and attorneys in this case. [Dkt. 51-2]. The Affidavits recite that Ms. Hyde stated that if the attorneys did not pay her client, Mr. Lynch three million dollars, she would prosecute criminal charges against the trustee and the attorneys, she would escalate the pending litigation, and that their families would suffer if she pursued the criminal allegations and they were disbarred. *Id.* The Affiants deny Ms. Hyde's allegations of wrongdoing. *Id.*

In their motion, Appellees state that motions for sanctions are pending before the Bankruptcy Court, but have been stayed pending a resolution of the instant appeal. [Dkt. 51, p. 2]. The instant appeal has been dismissed. [Dkt. 89]. However, this motion was unaffected by the dismissal. *Id.*

Appellees assert that Ms. Hyde's threats violate sections of the American and Oklahoma Bar Codes of Professional Conduct and possible federal and state criminal statutes, including 18 U.S.C. § 152(6)(outlining bankruptcy crimes to include attempts to obtain money for acting or forbearing to act in any case under Title 11) and 21 Okla. Stat. §1482 (defining threats constituting extortion). Appellees argue that imposing sanctions for Ms. Hyde's conduct are an appropriate exercise of the court's inherent power to control admission to its bar and to discipline attorneys who appear before it. Appellees pray for an order imposing sanctions, but do not specify what sanction might be appropriate.

Ms. Hyde has filed nothing to dispute the content of the Affidavits submitted by counsel, despite the fact the instant motion has been pending since December 15, 2015. Since the facts described are unopposed, there is no need to hold a hearing on the matter.

The motion alleges professional misconduct rather than an issue related to the merits of this now dismissed bankruptcy appeal. As such, the better course is to deal with the allegations under LCvR 83.6. The court finds that it is appropriate to refer the allegations contained in the instant motion to the Court's Committee on Admissions and Grievances for report and recommendation, as provided in LCvR 83.6(c).

The Joint Motion of the Appellees for Sanctions Based Upon Unfounded and Bad Faith Threat of Criminal Prosecution, [Dkt. 51] is DENIED.[1]  The allegations against Attorney Martha Hyde, OBA# 31102 are hereby referred to the Court's Committee on Admissions and Grievances for report and recommendation.

SO ORDERED this 2nd day of May, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] The denial of this motion should not be construed as constituting an opinion on the merits of any of the allegations.  Nor should the denial of this motion have any effect on the motions for sanctions or any other motions pending before the Bankruptcy Court.